## SOTO v LAPEER COUNTY

Docket No. 92495. Submitted October 20, 1987, at Detroit. Decided January 28, 1988.

Cynthia J. Soto, personal representative of the estate of Stephen Soto, deceased, and Cynthia J. Soto and Luis Soto, individually, brought a medical malpractice action in the Lapeer Circuit Court against the County of Lapeer, Lapeer County General Hospital, Knollwood Clinic, P.C., Bruce Badaglialacqua, D.O., and Stephen A. Head, D.O. The trial court, Martin E. Clements, J., granted a motion to sever the trial and a jury trial was held in regard to the defendant doctors and Knollwood Clinic, P.C. The jury returned a verdict of no cause of action against those defendants and a judgment and order to that effect was entered. The trial court, after reviewing the pleadings, then entered an order granting summary disposition to defendants County of Lapeer and Lapeer County General Hospital based on governmental immunity. Plaintiffs appealed from the orders.

The Court of Appeals *held:*

1. The trial court did not commit error requiring reversal in ruling that plaintiffs could not question the defendant doctors concerning: a forceps delivery in which they had participated a week before the birth of Stephen Soto and in which the baby had died; allegations that defendant Badaglialacqua had attempted to alter the medical records in that prior case; a prior period during which defendant Head's medical license had been restricted.

2. The trial court did not abuse its discretion in ruling that an allopathic physician, who stated that the relevant osteopathic and allopathic standards of care were the same, could

---

REFERENCES

Am Jur 2d, Evidence §§ 251 *et seq.*

Am Jur 2d, Expert and Opinion Evidence §§ 26 *et seq.*

Medical malpractice: necessity and sufficiency of showing of medical witness' familarity with particular medical or surgical technique involved in suit. 46 ALr3d 275.

testify as an expert witness on behalf of defendant Head, an osteopathic physician.

3. The trial court properly granted the hospital summary disposition based upon governmental immunity.

Affirmed.

1. APPEAL — EVIDENCE — UNDUE PREJUDICE.

A trial court's determination to exclude evidence which would unduly prejudice the defendant but which is otherwise admissible may be determined not to be an abuse of the trial court's discretion.

2. APPEAL — EVIDENCE — RELEVANT EVIDENCE.

A trial court does not abuse its discretion in ruling inadmissible evidence which is not relevant to the case.

3. WITNESSES — EXPERT WITNESSES — ALLOPATHIC PHYSICIANS — OSTEOPATHIC PHYSICIANS.

A trial court does not abuse its discretion in ruling that an allopathic physician may testify as an expert witness on behalf of an osteopathic physician where the allopathic physician testifies that the osteopathic and allopathic standards of care are the same.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stanley S. Schwartz, David R. Getto,* and *J. Lee Tilson*), for plaintiffs.

*Nick O. Holowka,* for the County of Lapeer.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec*), for Lapeer County General Hospital.

*Cline, Cline & Griffin* (by *Walter P. Griffin*), for Knollwood Clinic, P.C., and Stephen A. Head, D.O.

*Williams, Schaffer, Ruby & Williams, P.C.* (by *David D. Patton*), for Bruce Badaglialacqua, D.O., and *MacArthur, Cheatham, Acker & Smith, P.C.* (by *James G. Gross* and *Mary T. Nemeth*), of Counsel, for Knollwood Clinic, P.C., and Bruce Badaglialacqua, D.O., and Stephen Head, D.O.

Before: D. F. WALSH, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. In this medical malpractice case, plaintiffs Cynthia Soto, personal representative of the estate of Stephen Soto, deceased, and Cynthia Soto and Luis Soto, individually, appeal from the order entered, following jury trial, granting a judgment in favor of defendants Bruce Badaglialacqua, D.O., Stephen Head, D.O., and Knollwood Clinic, P.C. Plaintiffs also appeal from the order granting summary disposition to defendants County of Lapeer and Lapeer County General Hospital. We affirm.

On appeal, plaintiffs first claim that "the trial court erred in preventing plaintiffs from cross-examining defendants [Badaglialacqua and Head] about past incidents to impeach the credibility of their testimony."

As plaintiffs acknowledge, the proofs at trial focused primarily on whether defendant Head performed a Scanzoni maneuver prior to delivering Stephen Soto, the son of Cynthia and Luis Soto. The Scanzoni maneuver is the rotation by forceps of a malpositioned baby just prior to the baby's birth. According to defendant Head, he performed a manual rotation of the Soto baby. Other evidence, including the notes and deposition testimony of defendant Badaglialacqua, who was also present at the birth, indicated that the more dangerous forceps rotation had been performed. Among plaintiffs' claims was the allegation that Stephen's death two months after his birth was due to injuries sustained during a Scanzoni maneuver.

Plaintiffs claim that they should have been allowed to question the defendant doctors concern-

* Circuit judge, sitting on the Court of Appeals by assignment.

ing a forceps delivery in which they had partici-
pated a week before Stephen's birth and in which
the baby had died. Plaintiffs also state that it had
been "hinted" that defendant Badaglialacqua had
attempted to alter medical records in the prior
case and that they should have been allowed to
question defendant Badaglialacqua about that al-
leged accusation. Finally, plaintiffs claim error in
the trial court's ruling that defendant Head could
not be questioned about a prior period during
which his medical license had been restricted. We
are persuaded of no evidentiary ruling by the trial
court requiring reversal.

The issue of admissibility of evidence of the
death of the other baby was raised during pretrial
proceedings on defense motions to sever trial
against the county and hospital from trial against
the other defendants. At that time, the trial court
noted that admission of that evidence against
defendant doctors would cause "tremendous preju-
dice" to them. During trial, the court reiterated
that "the determination of liability should always
be on facts of the case at hand, not in any alleged
other negligent acts."

The trial court was well within its discretionary
authority in determining that, in order to avoid
diversion of the jurors' attention from the facts
surrounding Stephen's birth, the evidence would
not be admitted. Even assuming that the proffered
evidence was otherwise admissible, we are not
persuaded of an abuse of the trial court's discre-
tion in finding that its admission would unduly
prejudice defendant doctors. MRE 405.

The allegation that defendant Badaglialacqua
had been accused of altering records in the prior
case was discussed at the pretrial proceeding on
the motions for severance. Plaintiffs claim on ap-
peal that evidence of that allegation was relevant

to the issue of the credibility of defendant Bada-
glialacqua's *trial* testimony, during which he con-
tradicted both his deposition testimony and entries
he had made in the Soto medical records. Even
assuming that the evidence was relevant, we find
that, by failing to request permission at trial to
question Dr. Badaglialacqua about the alleged ac-
cusation, plaintiffs did not preserve this claim for
appellate review. *Harvey v Security Services, Inc*,
148 Mich App 260, 264-265; 384 NW2d 414 (1986),
lv den 425 Mich 863 (1986). Plaintiffs further claim
that the jury "might . . . have found Dr. Badaglia-
lacqua's postoperative notes more credible if they
had known that Dr. Badaglialacqua had just one
week before been admonished for attempting to
alter medical records in a similar incident." Even
assuming the viability of plaintiffs' underlying
claim of admissibility, there is no record support
for their assertion that the admonishment had
been made during the week between the prior
incident and Stephen's birth. Plaintiffs do not
persuade this Court of error requiring reversal.

The issue of the admissibility of evidence of a
consent order, whereby defendant Head had
agreed to a probationary period during which his
license was restricted, was discussed at length
during trial. The consent order, which predated
Stephen's birth, apparently arose out of an admin-
istrative complaint filed against defendant Head
concerning a specific procedure which had been
performed on a particular patient. It did not arise
out of the Soto case and apparently did not con-
cern any procedures performed by defendant Head
in Stephen's delivery. We find no abuse of discre-
tion in the trial court's finding that the evidence
was not relevant to the determination "whether
any physician in this case was negligent."

Next, plaintiffs claim error requiring reversal in

the trial court's ruling that Joseph Metz, an allopathic physician, could testify as an expert witness on behalf of defendant Head, an osteopathic physician. Dr. Metz, whose qualifications as an allopathic obstetrician are not challenged, testified that the relevant osteopathic and allopathic standards of care were the same. We are not persuaded of an abuse of the trial court's discretion. *Frazier v Hurd,* 380 Mich 291, 301; 157 NW2d 249 (1968); *Ferguson v Gonyaw,* 64 Mich App 685, 695; 236 NW2d 543 (1975), lv den 396 Mich 817 (1976); *Haisenleder v Reeder,* 114 Mich App 258; 318 NW2d 634 (1982), lv den 417 Mich 969 (1983); *Higgins v Detroit Osteopathic Hospital Corp,* 154 Mich App 752; 398 NW2d 520 (1986), lv den 428 Mich 911 (1987).

Finally, plaintiffs claim that the court erred in finding that defendant hospital was protected by governmental immunity and in thus granting summary disposition to the hospital. Plaintiffs argue: (1) that defendant hospital is not a governmental agency entitled to immunity; (2) that the immunity "defense" was not timely asserted; and (3) that they stated a valid cause of action in contract against the hospital. On the authority of *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), and *Stein v Southeastern Michigan Family Planning Project, Inc,* 158 Mich App 702; 405 NW2d 147 (1987), lv gtd 429 Mich 861 (1987), we reject each of these arguments.

The orders from which plaintiffs appeal are affirmed.