RIFKIN v UNIVERSITY OF MICHIGAN HOSPITAL

Docket No. 86991. Submitted June 4, 1986, at Lansing. Decided December 30, 1986. Leave to appeal applied for.

James M. Rifkin and Leonard Eston, copersonal representatives of the estate of Richard P. Brown, deceased, brought a medical malpractice action in the Court of Claims against the University of Michigan Hospital on August 20, 1981. On April 11, 1985, defendant filed a motion for summary disposition based on the doctrine of governmental immunity as announced in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984). On August 7, 1985, the Court of Claims, Carolyn Stell, J., granted the motion, ruling that defendant was immune from tort liability. Plaintiffs appealed and the Court of Appeals conducted appellate oral argument in June of 1986. On October 3, 1986, the Supreme Court released the case of *Hyde v University of Michigan Bd of Regents*, 426 Mich 223 (1986). That case decided the extent to which the *Ross* decision should be applied retroactively.

The Court of Appeals *held:*

In accordance with the opinion in *Hyde*, the definition of governmental immunity announced in *Ross* does not apply to the defendant's activities in this case. Under former case law, defendant is not entitled to governmental immunity.

Reversed and remanded.

GOVERNMENTAL IMMUNITY — GOVERNMENTAL AGENCIES.

The rules regarding governmental immunity articulated in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984), apply to all cases commenced after January 22, 1985, and to those cases pending either in trial or appellate courts on January 22, 1985, in which a governmental immunity issue was properly raised and preserved.

REFERENCES

Am Jur 2d, Hospitals and Asylums § 20.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 24 *et seq.*

Am Jur 2d, States, Territories, and Dependencies §§ 99, 100, 104.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

*Rifkin & Kingsley, P.C.* (by *David K. Whipple*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *D. J. Watters* and *Christine D. Oldani*), for defendant.

Before: M. J. Kelly, P.J., and D. E. Holbrook, Jr., and T. M. Green,* JJ.

Per Curiam. The issue presented in this case is whether defendant University of Michigan Hospital is immune from tort liability under the doctrine of governmental immunity announced in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). On August 7, 1985, the Michigan Court of Claims ruled in favor of immunity and granted summary disposition for defendant pursuant to MCR 2.116(C)(8). Appellate oral argument was conducted in June of 1986. On October 3, 1986, the Michigan Supreme Court released its decision in *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), directly addressing the issue presented here. On the basis of that opinion, we reverse the lower court's order of summary disposition.

In *Hyde v University of Michigan,* a majority of justices of the Supreme Court decided the extent to which its opinion in *Ross* should be applied retroactively. 426 Mich 241, 246. Since the instant case was pending in the trial court when the decision in *Ross* was issued, the definition of governmental immunity announced therein applies only if defendant had properly raised the defense of governmental immunity at that time. We have thoroughly reviewed the trial court record. Defendant in this case failed to assert the defense of

* Circuit judge, sitting on the Court of Appeals by assignment.

governmental immunity until April 11, 1985, when it filed a motion for summary disposition based on the *Ross* decision. Thus, in accordance with the Supreme Court's opinion in *Hyde, supra,* the definition of governmental immunity announced in *Ross* does not apply to the defendant's activities in this case. Under former case law, defendant is not entitled to governmental immunity. *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978).

While the result reached in this case may initially seem a technical fluke, Justice CAVANAGH noted in *Hyde v University of Michigan,* that the Legislature has enacted 1986 PA 175, effective July 1, 1986, which specifically abrogates governmental immunity "with respect to the ownership or operation of a hospital or a county medical care facility." MCL 691.1407; MSA 3.996(107), as amended. Thus, the result here is consistent with case law prior to January 22, 1985, and statutory law after July 1, 1986, and accurately reflects the intent of the Legislature as now stated.

Reversed and remanded.