STEIN v SOUTHEASTERN MICHIGAN FAMILY PLANNING
PROJECT, INC

Docket No. 89020. Submitted January 8, 1987, at Detroit. Decided
February 6, 1987. Leave to appeal applied for.

Catherine Stein and her husband, Michael Stein, brought a
medical malpractice action in the Wayne Circuit Court against
Southeastern Michigan Family Planning Project, Inc., P. Eas-
tin, R.N., and Wayne County General Hospital. The trial court,
Charles Kaufman, J., denied plaintiffs' motion for leave to
amend their complaint to allege a breach of contract claim
against the defendant hospital and entered an order granting
summary disposition in favor of the defendant hospital, from
which plaintiffs appealed.

The Court of Appeals *held:*

1. In light of the Supreme Court's decisions in *Ross v Con-
sumers Power Co (On Rehearing),* 420 Mich 567 (1986), and
*Hyde v University of Michigan Bd of Regents,* 426 Mich 223
(1986), the Court of Appeals considered and rejected plaintiffs'
claim that extending governmental immunity to public hospi-
tals, such as the defendant hospital in this case, deprives
patients of equal protection and due process.

2. Pursuant to the statute of frauds, the absence of a writing
signed by an authorized representative of the defendant hospi-
tal is fatal to plaintiffs' contract claim.

Affirmed.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by
*Jeffrey N. Shillman* and *Barbara A. Patek*), for
plaintiffs.

*John D. O'Hair,* Corporation Counsel, *Glen H.
Downs* and *Dean Koularas,* Assistant Corporation
Counsel, for Wayne County General Hospital.

Before: CYNAR, P.J., and J. H. GILLIS and D. F.
WALSH, JJ.

PER CURIAM. Plaintiffs, Catherine Stein, also
known as Catherine Sudat, and her husband, Mi-

chael Stein, appeal from a circuit court order granting summary disposition to defendant Wayne County General Hospital.

On the authority of *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), we affirm the entry of summary disposition for defendant on plaintiffs' malpractice claim. The fact that defendant did not raise the "defense" of governmental immunity until after *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), was decided does not make the rules articulated in *Ross* inapplicable to this case. Plaintiffs' previously filed complaint alleged sufficient facts to raise a governmental immunity issue. *Hyde, supra,* p 236, n 7.

We have considered plaintiffs' arguments that granting immunity to public hospitals deprives patients of equal protection and due process. In *Ross, supra,* and *Hyde, supra,* the Supreme Court considered, and rejected, the public policy and fairness claims raised by plaintiffs concerning the substantive issue of immunity and the procedural issue of retroactivity. See, e.g., *Ross, supra,* pp 618-619, and *Hyde, supra,* pp 238-240, 244. In light of *Ross* and *Hyde,* plaintiffs' arguments should be addressed to the Supreme Court which, we are persuaded, would not find unconstitutional the disparate treatment of public and private hospitals. See *Hyde, supra,* p 244, n 15.

Plaintiffs challenge the denial of their motion to amend their complaint to allege defendant's breach of contract. The absence of a writing signed by an authorized representative of defendant and containing the essential terms of the alleged contract is fatal to plaintiffs' contract claim. MCL 566.132(g); MSA 26.922(g); *Gilmore v O'Sullivan,* 106 Mich App 35; 307 NW2d 695 (1981), lv den 413 Mich 851 (1982).

Affirmed.