SEDER v PEOPLES COMMUNITY HOSPITAL AUTHORITY

Docket No. 98663. Submitted March 16, 1988, at Detroit. Decided June 7, 1988. Leave to appeal applied for.

On January 9, 1985, Louis J. Seder brought an action in Wayne Circuit Court alleging negligence by Peoples Community Hospital Authority (PCHA), doing business as Seaway Hospital, a nonprofit community-owned hospital, and medical malpractice by Sham Gupta, M.D. On February 6, 1985, PCHA filed an answer and a list of affirmative defenses which did not include governmental immunity. PCHA subsequently moved to amend its list of affirmative defenses to include governmental immunity and the trial court, Richard C. Kaufman, J., entered an order on May 22, 1986, granting the motion. On January 29, 1987, the trial court granted a motion for summary disposition in favor of PCHA on the basis of governmental immunity and denied a motion by plaintiff to amend his complaint to allege breach of contract in avoidance of governmental immunity. Plaintiff appealed.

The Court of Appeals *held:*

In cases pending in trial or appellate courts on January 22, 1985, in which a governmental immunity issue was properly raised and preserved by January 22, 1985, a public general hospital or medical facility is engaged in the exercise or discharge of a governmental function and thus immune from tort liability when it is engaged in activities which are expressly or impliedly mandated or authorized by constitution, statute, or other law. *Hyde v University of Michigan Bd of Regents,* 426 Mich 223 (1986). Here, governmental immunity was not raised until April 16, 1986, when PCHA moved to amend its affirmative defenses. The trial court therefore erred in ruling that PCHA was entitled to governmental immunity.

Reversed and remanded for further proceedings.

GOVERNMENTAL IMMUNITY — HOSPITALS.

In cases pending in trial or appellate courts on January 22, 1985,

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 20 *et seq.*

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

in which a governmental immunity issue was properly raised and preserved by January 22, 1985, a public general hospital or medical facility is engaged in the exercise or discharge of a governmental function and thus immune from tort liability when it is engaged in activities which are expressly or impliedly mandated or authorized by constitution, statute, or other law (MCL 691.1407; MSA 3.996[107]).

*Meklir, Schreier, Nolish & Friedman, P.C.* (by *Lynn M. Foley),* for plaintiff.

*Cozzad, Shangle, Smith & Andrews* (by *Paul Broschay),* for Peoples Community Hospital Authority.

Before: WAHLS, P.J., and R. M. MAHER and G. S. ALLEN,* JJ.

WAHLS, P.J. Plaintiff, Louis J. Seder, appeals as of right from an order of the Wayne Circuit Court granting summary disposition in favor of defendant, Peoples Community Hospital Authority (PCHA), a nonprofit community hospital doing business as Seaway Hospital, on the basis of governmental immunity under MCL 691.1407; MSA 3.996 (107). We reverse and remand for further proceedings.

The record reveals that on February 17, 1983, plaintiff underwent a hemorrhoidectomy at PCHA. Following this operation, plaintiff developed a urinary infection which, he alleged, was caused and exacerbated by treatment rendered by Sham Gupta, M.D., an employee of PCHA. On January 9, 1985, plaintiff sued Gupta for negligence and medical malpractice, and PCHA for negligence in having failed to properly select, train and supervise its medical staff. PCHA answered the complaint on February 6, 1985, and on that same date filed a

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

lengthy list of affirmative defenses. Shortly before PCHA filed its answer and affirmative defenses, the Supreme Court, in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), released on January 22, 1985, substantially clarified the law in Michigan regarding governmental immunity. In *Ross,* the Supreme Court set forth specific tests for use in determining the availability of statutory immunity from tort liability for governmental entities and officers. On April 16, 1986, PCHA moved to amend its list of affirmative defenses to include governmental immunity. This motion, opposed by plaintiff, was granted by the trial court by an order entered on May 22, 1986. Thereafter, in *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), the Supreme Court, on October 3, 1986, recognizing that pre-*Ross* precedent established that activities conducted by a municipally owned general hospital providing medical services to the public for fees did not constitute a governmental function and therefore were not entitled to immunity, *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), clarified that the *Ross* opinion had partially overruled precedent regarding the tort liability of public general hospitals. In *Hyde,* the Supreme Court stated:

> None of the cases decided in *Ross* involved the tort liability of a public general hospital. However, *Ross* explicitly rejected each of the definitions of "governmental function" used in *Parker.* 420 Mich 614-619. "Governmental function" was redefined as "an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. [*Id.,* p 620.]" We note that this definition "is broad and encompasses most of the activities undertaken by governmental agencies." *Id.,* p 621.

Under *Ross,* a public general hospital or medical facility is engaged in the exercise or discharge of a governmental function whenever its activities are expressly or impliedly mandated or authorized by constitution, statute, or other law. To the extent that *Parker* held that such activities do not constitute a governmental function, *Parker* was impliedly overruled by *Ross.* [426 Mich 243.]

The *Hyde* Court also specified that the rules in *Ross* as applicable to public general hospitals were to be given limited retroactive effect, stating:

We therefore hold that the rules articulated in *Ross* should be applied to all cases commenced after the date our opinion was issued (January 22, 1985), and to those cases pending either in trial or appellate courts on that date which properly raised and preserved a governmental immunity issue. [426 Mich 241.]

On November 25, 1986, PCHA, citing *Ross* and *Hyde,* moved for summary disposition on the ground that it was entitled to governmental immunity. Plaintiff responded and also moved to amend his complaint to allege a breach of contract in avoidance of governmental immunity. On January 29, 1987, the trial court granted defendant's motion and apparently denied plaintiff's. The instant appeal ensued.

On appeal, plaintiff contends that the trial court erred in granting summary disposition in favor of PCHA on the basis of governmental immunity. Essentially, plaintiff reasons that because the issue of governmental immunity was not raised in this case until April 16, 1986, when PCHA filed its motion to amend its list of affirmative defenses to include governmental immunity, and since the Supreme Court in *Hyde* clarified that the rules in *Ross* should not be applied in cases such as the

present case which were pending on the date of issuance of the *Ross* opinion, January 22, 1985, unless by that date the issue of governmental immunity had already been properly raised and preserved, PCHA should not be able to avoid vulnerability to tort liability as provided under pre-*Ross* precedent. *Hyde, supra,* p 241. PCHA, on the other hand, responds that the *Hyde* Court itself recognized that the matter of governmental immunity, or more precisely the lack thereof, could be raised in a plaintiff's complaint prior to January 22, 1985, sufficient to properly raise and preserve the issue, and that, in this case, plaintiff's complaint itself pled facts in avoidance of governmental immunity. *Id.,* p 236, n 7. Moreover, PCHA argues that a governmental agency such as itself is entitled to the protection of governmental immunity whether or not it itself raises the issue of such immunity as an affirmative defense, asserting that that protection is a characteristic of government which prevents the imposition of tort liability and which must be raised, if at all, by a plaintiff. *Id.,* p 261, n 35. Cases from which support for plaintiff's position may be gleaned include *Rifkin v University of Michigan Hospital,* 159 Mich App 254; 406 NW2d 202 (1986), lv gtd 429 Mich 861 (1987); *Fulton v Pontiac General Hospital,* 160 Mich App 728, 732-735; 408 NW2d 536 (1987); *Maurer v McManus,* 161 Mich App 38, 43-46; 409 NW2d 747 (1987). Cases from which support for PCHA's position may be gleaned include *Hoffman v Genesee Co,* 157 Mich App 1, 7; 403 NW2d 485 (1987), lv den 428 Mich 902 (1987); *Stein v Southeastern Michigan Family Planning Project, Inc,* 158 Mich 702; 405 NW2d 147 (1987), lv gtd 429 Mich 861 (1987); *Charbeneau v Wayne Co General Hospital,* 158 Mich App 730; 405 NW2d 151 (1987); *Bauer v*

*Garden City,* 163 Mich App 562, 566; 414 NW2d 891 (1987).[1]

In this case, defendant failed to raise the issue of governmental immunity prior to January 22, 1985, the date the Supreme Court issued it opinion in *Ross,* even though it filed its answer and affirmative defenses fifteen days after that date, on February 6, 1985. Moreover, our perusal of plaintiff's complaint convinces us that plaintiff himself did not raise the issue of defendant's lack of governmental immunity by way of pleading any facts in avoidance. Of course, at the time plaintiff filed his complaint (long before *Ross* was issued and while the Supreme Court precedent of *Parker* was still good law, so that the jurisprudence in this state acknowledged that activities conducted by a municipally owned general hospital providing medical services to the public for fees did not constitute a governmental function and therefore were not protected by governmental immunity) he had no reason to plead facts in avoidance of governmental immunity. At the time plaintiff's pre-*Ross* complaint was filed, the law provided that the hospital authority in this case did not enjoy the protection of governmental immunity. Such pleading would, at that time, have been but a surplus or excess of statement, and excessivum in jure reprobatur (excess is reprehended in the law). Although the general rule now is that plaintiffs bear the burden of pleading in their complaints facts which would justify finding that recovery in their tort causes of action is not barred by governmental immunity, *Hyde, supra,* p 261, that rule

---

[1] We anticipate that the central issue raised in this appeal will be fully and finally resolved by the Supreme Court, which, on October 13, 1987, granted leave to appeal in *Rifkin* and *Stein,* "Limited to the issue whether the governmental immunity issue in [these cases was] in a posture so as to entitle defendant hospital[s] to summary disposition in [their] favor." 429 Mich 861.

presupposes the initial applicability of governmental immunity. Since, in view of *Parker,* governmental immunity was not initially applicable to PCHA in this case when plaintiff filed his complaint, plaintiff did not bear the burden of pleading facts in avoidance of immunity.

Accordingly, since the issue of governmental immunity in this post-*Parker,* pre-*Ross* case was not properly raised and preserved by January 22, 1985, we hold that, under the *Hyde* standard of limited retroactivity for the rules articulated in *Ross,* the trial court erred in this case by granting summary disposition in favor of PCHA on the basis of governmental immunity.

Our decision on the issue of governmental immunity renders it unnecessary for us to examine plaintiff's second argument raised on appeal regarding whether the trial court erred in granting summary disposition to PCHA because plaintiff's allegations sufficiently set forth the nontort claims of breach of express and implied contracts to avoid dismissal of the case on the basis of governmental immunity.

Reversed and remanded for further proceedings.