TOTSKY v HENRY FORD HOSPITAL

Docket Nos. 88877, 88878. Submitted February 10, 1987, at Detroit. Decided June 8, 1988.

Michael Totsky, as personal representative of the estate of Anna Totsky, deceased, initially brought a medical malpractice action against Henry Ford Hospital in Wayne Circuit Court and was permitted to add Wyandotte General Hospital, Outer Drive Hospital and others as additional defendants in an amended complaint. Both Wyandotte General Hospital, owned and operated by the City of Wyandotte, and Outer Drive Hospital, a division of Peoples Community Hospital Authority, raised governmental immunity as a defense in their answers. The trial court, Richard C. Kaufman, J., granted summary disposition in favor of Wyandotte General Hospital and Outer Drive Hospital, and denied plaintiff leave to amend his complaint to allege that the hospitals were proprietary in nature and thus not entitled to immunity and that they had breached contracts regarding the decedent's care. Plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not err in applying the definition of governmental function adopted in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567 (1984), and concluding that Wyandotte General Hospital and Outer Drive Hospital were immune from liability for the negligent treatment of the decedent.

2. In order for a governmental activity to be deemed proprietary, it must be conducted primarily for the purpose of producing a pecuniary profit and be one which cannot normally be supported by taxes and fees. In this case, it was sufficiently shown by the unchallenged averments in an affidavit submitted by Wyandotte General Hospital that the operation of that hospital is not undertaken primarily for the purpose of producing a pecuniary profit, and the operation of a hospital of the

REFERENCES

Am Jur 2d, Pleadings § 306.

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

Am Jur 2d, Statute of Frauds, § 213.

Applicability of statute of frauds to promise to pay for medical, dental, or hospital services furnished to another. 64 ALR2d 1071.

Peoples Community Hospital Authority has been held not to be proprietary in nature. *Powers v Peoples Community Hospital Authority,* 426 Mich 223 (1986). The trial court did not abuse its discretion in denying plaintiff leave to amend his complaint to plead the proprietary function exception to governmental immunity, since to do so would have been an exercise in futility in light of the nonproprietary nature of both hospitals' operations.

3. Under the statute of frauds, the absence of a writing containing the essential terms of the alleged contract for the decedent's care is fatal to plaintiff's contract claims. The trial court did not abuse its discretion in denying plaintiff leave to amend his complaint to plead breach of contract.

Affirmed.

1. PLEADING — AMENDMENT OF PLEADINGS.

Leave to amend a pleading should be freely granted in the absence of any undue delay, bad faith or dilatory motive on the part of the amending party and so long as the amendment is not futile and does not unfairly prejudice the opposing party.

2. GOVERNMENTAL IMMUNITY — PROPRIETARY FUNCTIONS.

In order for a governmental activity to be deemed proprietary in nature for purposes of governmental immunity from tort liability, it must be conducted primarily for the purpose of producing a pecuniary profit and be one which cannot normally be supported by taxes and fees.

3. FRAUDS, STATUTE OF — CONTRACTS FOR MEDICAL CARE OR TREATMENT — HOSPITALS.

The absence of a writing signed by an authorized representative of a hospital and containing the essential terms of an alleged contract for the care or treatment of an individual is fatal to a claim for a breach of such contract (MCL 566.132[g]; MSA 26.922[g]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Feikens, Foster, Vander Male & De Nardis, P.C.* (by *Robert F. Riley* and *Dennis J. Mendis*), for Wyandotte General Hospital.

*Cozadd, Shangle, Smith & Andrews* (by *John R.*

*Day*), for Outer Drive Hospital, a Division of Peoples Community Hospital Authority.

Before: SHEPHERD, P.J., and GRIBBS and R. R. LAMB,* JJ.

PER CURIAM. Plaintiff appeals as of right from two separate orders entered the same day which effectively dismissed plaintiff's medical malpractice claims against defendant Wyandotte General Hospital and defendant Outer Drive Hospital, a division of Peoples Community Hospital Authority (PCHA), on grounds of governmental immunity. We affirm.

As a representative of the Estate of Anna Totsky, plaintiff initially filed this medical malpractice suit on June 15, 1984, naming Henry Ford Hospital as the only defendant. By order of May 3, 1985, plaintiff was allowed to amend his complaint to add as party defendants Wyandotte General Hospital and Outer Drive Hospital, as well as the individual physicians who are not parties to this appeal. Plaintiff's first amended complaint, filed May 8, 1985, alleged negligence on the part of the two public hospitals in the treatment, diagnosis and discharge of the deceased. Both hospitals raised the issue of governmental immunity in their first responsive pleadings and on August 19, 1985, defendant Wyandotte General Hospital pursued this defense in a motion for summary disposition. Defendant's motion was granted by order of September 16, 1985, and on September 20, 1985, defendant Outer Drive Hospital filed its motion for summary disposition on the same ground. At the same time, plaintiff moved for a rehearing and for an order allowing him to amend his complaint to

* Circuit judge, sitting on the Court of Appeals by assignment.

set forth a cause of action for a breach of contract against both hospitals and to plead facts showing that both hospitals were proprietary in nature.

Following oral argument on all three motions, the trial court denied plaintiff's motion for a rehearing and entered two separate orders on November 1, 1985, denying plaintiff's motion to amend his complaint and granting defendant Outer Drive Hospital's motion for summary disposition. It is from these two orders that plaintiff now appeals.

Plaintiff's challenge to the order of summary disposition in favor of defendant Outer Drive Hospital has been resolved during the pendency of this appeal by the release of the Supreme Court's decision in *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986). It is now clear that the definition of governmental function adopted by the majority of the Supreme Court in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), applies with limited retroactivity to the operation of public general hospitals. 426 Mich 230-231. Since plaintiff's medical malpractice claims against Wyandotte General Hospital and Outer Drive Hospital were filed after January 22, 1985, the trial court in this case did not err when it applied the definition of governmental function announced in *Ross* and concluded that defendants Wyandotte General Hospital and Outer Drive Hospital were immune from liability for the negligent treatment of the deceased. Although the Michigan Legislature has recently created a public hospital exception to the immunity statute, see 1986 PA 175, that exception does not apply here because plaintiff's cause of action arose prior to July 1, 1986. MCL 691.1407; MSA 3.996(107). See also *Hyde, supra* at 231; *Rifkin v University of Michigan*

*Hospital,* 159 Mich App 254, 256; 406 NW2d 202 (1986), lv gtd 429 Mich 861 (1987).

The significant issue remaining is whether the trial court abused its discretion, *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 658-659; 213 NW2d 134 (1973), in denying plaintiff the opportunity to amend his complaint to plead actions for breach of contract against both hospitals and to plead facts establishing the proprietary nature of each institution. Facilitating our review of this issue is plaintiff's proposed second amended complaint, which is attached to his motion to amend. In denying plaintiff's motion, the trial court held as a matter of law that neither Wyandotte General Hospital nor Outer Drive Hospital operated primarily for profit and that plaintiff's breach of contract claims were without substance. Given these two holdings, the trial court concluded that plaintiff's proposed amendment would be futile and thus denied the request.

In Michigan, leave to amend is freely granted in the absence of any undue delay, bad faith or dilatory motive on the part of the amending party and so long as the amendment is not futile and does not unfairly prejudice the opposing party. *Ben P Fyke & Sons, supra* at 656-659.

Before an activity is deemed a proprietary function, our Supreme Court has held that it must satisfy two tests. First, the activity must be conducted primarily for the purpose of producing a pecuniary profit. Second, the activity cannot normally be supported by taxes and fees. *Hyde, supra* at 231, 258.

In the first prong of the test, there are two relevant considerations. The first consideration is whether the activity generates a profit, although it need not actually do so before it can be deemed a proprietary function. The fact that a governmental

agency pursues an activity despite consistent losses may be evidence that the primary purpose of the activity is not to make a pecuniary profit, but it is not conclusive evidence. Conversely, the fact that the activity consistently generates a profit may evidence an intent to produce a profit. However, the governmental immunity act permits imposition of tort liability only when the *primary* purpose is to produce a pecuniary profit. The Legislature did not intend the act to penalize a governmental agency's legitimate desire to conduct an activity on a self-sustaining basis. *Id.* at 258-259.

The second relevant consideration is where the profit generated by the activity is deposited and where it is spent.

> If the profit is deposited in the governmental agency's general fund or used to finance unrelated functions, this could indicate that the activity at issue was intended to be a general revenue-raising device. If the revenue is used only to pay current and long-range expenses involved in operating the activity, this could indicate that the primary purpose of the activity was not to produce a pecuniary profit. [*Id.* at 259.]

Attached to Wyandotte General Hospital's motion for summary disposition was the affidavit of Bruce L. Nelson, senior vice president of defendant hospital. In his affidavit, Nelson avers that Wyandotte General Hospital is a nonprofit hospital owned and operated by the City of Wyandotte. There are no shareholders and, therefore, no private or public entity or individual that benefits from any net revenues that the hospital may raise in any given fiscal year. Instead, the income received in excess of expenditures is retained for future operations, capital improvements or addi-

tions. Plaintiff presented no evidence to rebut Nelson's averments. We therefore conclude, from the unchallenged averments contained in Nelson's affidavit, that the operation of Wyandotte General Hospital was not undertaken by the City of Wyandotte primarily for the purpose of producing a pecuniary profit and, thus, that its operation is not a proprietary function.

As to the nature of the operation of Outer Drive Hospital, we point out that in *Powers v Peoples Community Hospital Authority,* a companion case decided with *Hyde, supra,* our Supreme Court recognized that the operation of a PCHA hospital does not constitute a proprietary function. Outer Drive Hospital is a PCHA hospital. Its operation, therefore, is not proprietary in nature.

Accordingly, we hold that the trial court did not abuse its discretion when it denied plaintiff's motion to amend his complaint to plead the proprietary function exception to governmental immunity. Because neither public hospital's operation is proprietary in nature, permitting plaintiff to amend his complaint to plead proprietary function would be an exercise in futility.

We also hold that the trial court did not abuse its discretion when it denied plaintiff's motion to amend his complaint to plead breach of contract. The absence of a writing signed by an authorized representative of Wyandotte General Hospital and Outer Drive Hospital and containing the essential terms of the alleged contract is fatal to plaintiff's contract claim. MCL 566.132(g); MSA 26.922(g); *Malik v William Beaumont Hospital,* 168 Mich App 159; 423 NW2d 920 (1988); *Gilmore v O'Sullivan,* 106 Mich App 35; 307 NW2d 695 (1981), lv den 413 Mich 851 (1982).

Affirmed.