STEIN v SOUTHEASTERN MICHIGAN FAMILY PLANNING
PROJECT, INC

RIFKIN v UNIVERSITY OF MICHIGAN HOSPITAL

Docket Nos. 80388, 80695. Argued January 7, 1988 (Calendar Nos. 5-
   6). Decided April 3, 1989. Rehearing denied in *Stein, post*, 1236.
   Catherine Stein and Michael Stein, her husband, brought a
   medical malpractice action in the Wayne Circuit Court against
   Southeastern Michigan Family Planning Project, Inc., P. Eas-
   tin, R.N., and the Wayne County General Hospital. Thereafter,
   *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567
   (1984), was decided, redefining the doctrine of governmental
   immunity. The hospital subsequently moved for summary dis-
   position on the ground of governmental immunity. The court,
   Charles C. Kaufman, J., granted summary disposition for the
   hospital in light of *Ross*. The decision in *Ross* was then clarified
   with respect to public general hospitals in *Hyde v Univ of Mich
   Bd of Regents*, 426 Mich 223 (1986). The Court of Appeals,
   CYNAR, P.J., and GILLIS and WALSH, JJ., affirmed in an opinion
   per curiam, holding that the hospital's failure to raise the
   defense of governmental immunity until after *Ross* was decided
   did not make *Ross* inapplicable (Docket No. 89020). The plain-
   tiffs appeal.
   James M. Rifkin and Leonard Eston, as representatives of the
   estate of Richard P. Brown, deceased, brought a medical mal-
   practice action in the Court of Claims against the University of
   Michigan Hospital prior to the decision in *Ross*. The hospital
   moved for and the court, Carolyn Stell, J., granted summary
   judgment on the ground of governmental immunity in light of
   *Ross*. The Court of Appeals, MICHAEL J. KELLY, P.J., and
   HOLBROOK, JR., and T. M. GREEN, JJ., reversed in an opinion
   per curiam in light of *Hyde*, holding that since the defendant
   failed to raise the defense of governmental immunity until
   after *Ross* was decided, the defendant was not entitled to
   governmental immunity (Docket No. 86991). The defendant
   appeals.
   In an opinion per curiam, signed by Chief Justice RILEY and
   Justices LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, the
   Supreme Court *held*:
   A hospital owned by a governmental entity that did nothing

to raise a challenge to *Parker v Highland Park,* 404 Mich 183 (1978), or to assert a defense of governmental immunity before *Ross* was decided and, after *Ross* was decided, for the first time filed a motion for summary disposition on the basis of *Ross,* did not raise and preserve the issue of governmental immunity.

1. *Hyde* held that the diagnosis, treatment, and care of patients at a public general hospital or medical facility, when expressly or impliedly mandated or authorized by the constitution, statute, or other law, is a governmental function, and that *Ross* impliedly overruled *Parker* to the extent that *Parker* had held that such activity was not a governmental function. *Hyde* declared that the rule of *Ross* would apply in all cases commenced after January 22, 1985, and to cases then pending in the trial and appellate courts in which the issue of governmental immunity was properly raised and preserved.

2. *Hyde* stated a rule of limited retroactivity. The overruling of *Parker* created a window of immunity for causes of action that accrued before July 1, 1986, the effective date of 1986 PA 175. That act, adopting the concept expressed in *Parker* that a governmental agency operating a general hospital was subject to tort liability, provided that the governmental tort liability act does not grant immunity to a governmental agency with respect to the ownership or operation of a hospital.

*Stein,* reversed.

*Rifkin,* affirmed.

Justice GRIFFIN, dissenting, stated that on the basis of case law subsequent to the amendment of MCR 2.111(F)(3)(a), a plaintiff still is required to allege facts in avoidance of governmental immunity to plead a cause of action against the state or its agencies, and a governmental entity cloaked with immunity still is not required to plead immunity as an affirmative defense.

It is ironic and unjust that as a result of the Court's decision similarly situated plaintiffs who filed defective pleadings prior to *Ross* will benefit, while those who followed the rules then in existence and pleaded facts in avoidance of immunity will be penalized. Reliance by parties on the state of the law should be an important factor in determining the application of a decision which changes the law.

In these cases, the plaintiffs relied on *Parker* and did not plead facts in avoidance of immunity. Likewise, the defendants did not file what under the law at that time would have been a frivolous motion for summary disposition on the basis of governmental immunity. Shortly after *Ross* was decided, the defendants did move for summary disposition on immunity grounds,

timely raising and preserving the issue in the only way that made sense at that time.

158 Mich App 702; 405 NW2d 147 (1987) reversed.

159 Mich App 254; 406 NW2d 202 (1986) affirmed.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Richard D. Toth*), for the plaintiffs in *Stein.*

*Rifkin & Kingsley, P.C.* (by *Lori D. Weisberg* and *Rebecca A. Roberts*), for the plaintiffs in *Rifkin.*

*Samuel A. Turner,* Corporation Counsel, and *Alan B. Havis* and *Glen H. Downs,* Assistant Corporation Counsel, for Wayne County General Hospital.

*Plunkett & Cooney, P.C.* (by *D. J. Watters* and *Christine D. Oldani*), for defendant University of Michigan Hospital.

Amici Curiae:

*Neal & Lengauer, P.C.* (by *Stephanie A. Nelson*), for Michigan Defense Trial Counsel.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*) for Michigan Trial Lawyers Association.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day*) for Peoples Community Hospital Authority.

PER CURIAM. This Court held in *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), that the diagnosis, treatment, and care of patients at a public general hospital or medical facility, when expressly or impliedly mandated or authorized by the constitution, statute, or other law, is a governmental function and that to the extent *Parker v Highland Park,* 404 Mich 183; 273

NW2d 413 (1978),[1] had ruled such activity does not constitute a governmental function, it was impliedly overruled by *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984).[2]

The Court in *Hyde* then declared that the new rule of *Ross* would apply to all cases commenced after January 22, 1985, when *Ross* was decided, and to those cases then pending either in trial or appellate courts in which a governmental immunity issue "was properly raised and preserved."[3]

*Hyde* thus stated a rule of "limited" retroactivity. The new rule would apply only in cases commenced after the overruling decision and in pending cases where the issue had been raised and preserved.

The cases consolidated in this appeal were filed during the interim between decisions in *Parker* and *Ross* and were disposed of at the trial level prior to our decision in *Hyde.* The procedural histories involved are best understood through the following sequence:

A. *Stein*

| December 27, 1978 | *Parker* decided. |
|---|---|
| February 21, 1984 | Plaintiffs Stein filed a complaint against defendants Southeastern Michigan Family Planning Project, |

---

[1] This Court declared in *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), that the operation of a general hospital was not a governmental function within the meaning of the governmental tort liability act, MCL 691.1407; MSA 3.996(107), and thus that the City of Highland Park was subject to tort liability for medical malpractice in the emergency room of Highland Park General Hospital.

[2] In *Ross,* this Court "redefined the term 'governmental function,'" but "[n]one of the nine consolidated cases decided in *Ross* involved the tort liability of a public general hospital . . . ." *Hyde, supra,* pp 229-230.

[3] *Hyde, supra,* p 230.

|  | P. Eastin, and Wayne County General Hospital alleging medical malpractice. |
|---|---|
| January 22, 1985 | *Ross* released. |
| July 1, 1985 | Defendant Wayne County General Hospital moved for summary disposition on the basis of governmental immunity. |
| November 8, 1985 | Defendant hospital was granted summary disposition. |
| October 3, 1986 | *Hyde* decided. |
| February 6, 1987 | The Court of Appeals affirmed the order granting summary disposition. 158 Mich App 702; 405 NW2d 147 (1987). |

B. *Rifkin*

| December 27, 1978 | *Parker* decided. |
|---|---|
| August 20, 1981 | Plaintiffs filed a complaint against defendant University of Michigan Hospital, alleging medical malpractice. |
| January 22, 1985 | *Ross* released. |
| April 11, 1985 | Defendant moved for summary disposition on the basis of governmental immunity. |
| August 7, 1985 | Defendant was granted summary disposition. |
| October 3, 1986 | *Hyde* decided. |

December 30, 1986    The Court of Appeals re-
                     versed the order granting
                     summary disposition and
                     remanded the case for
                     further proceedings. 159
                     Mich App 254; 406 NW2d
                     202 (1986).

The question presented in these cases is whether a hospital owned by a governmental entity that had not challenged the correctness of this Court's decision in *Parker* or raised a defense of governmental immunity before *Ross* was decided and, after *Ross* was decided, for the first time filed a motion for summary disposition on the basis of *Ross,* raised and preserved a challenge to *Parker.*

We answer the question directly. A hospital owned by a governmental entity that did nothing to raise a challenge to *Parker* or assert a defense of governmental immunity before *Ross* was decided had not raised and preserved the issue.

The overruling of *Parker* created a window of immunity for causes of action that accrued before July 1, 1986, the effective date of 1986 PA 175.

Act 175, providing that the governmental tort liability act "does not grant immunity to a governmental agency with respect to the ownership or operation of a hospital," MCL 691.1407(4); MSA 3.996(107)(4), adopted the concept expressed in *Parker* that a governmental agency operating a general hospital was subject to tort liability.

This Court, in providing in *Hyde* that the overruling of *Parker* would be accorded limited retroactivity, limited the window of immunity. Our clarification of this today accords with the clearly expressed intent of the Legislature.

We reverse the decision of the Court of Appeals in *Stein* and affirm the decision in *Rifkin.*

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, JJ., concurred.

GRIFFIN, J. (*dissenting*). Although I was not a member of this Court when *Hyde v Univ of Mich Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), was decided, I find it difficult to believe that a majority of the *Hyde* Court would have intended this result.

The Court's holding today penalizes these defendants because, prior to *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), they did not anticipate the decisions in *Ross* and *Hyde,* nor did they divine the interpretation handed down today as to the meaning of *Hyde.* These defendants lose because they did not have the clairvoyance prior to *Ross* to move for summary disposition or raise immunity as an affirmative defense.

I find this particularly disturbing in light of the acknowledgment by the *Ross* Court itself that "[s]overeign and governmental immunity are not affirmative defenses, but characteristics of government which prevent imposition of tort liability upon the governmental agency." Further, in order to state a cause of action against a governmental agency, "plaintiffs must plead facts in their complaint in avoidance of immunity . . . ." 420 Mich 621, n 34.

The same point was reiterated by the *Hyde* Court, which recognized:

> Unlike other claims of immunity, sovereign and governmental immunity are not affirmative defenses, but characteristics of government which prevent imposition of tort liability. *Ross, supra; Galli* [*v Kirkeby,* 398 Mich 527, 541, n 5; 248 NW2d 149 (1976)]; *McCann v Michigan,* 398 Mich 65, 77, n 1; 247 NW2d 521 (1976). Compare MCR 2.111(F)(3)(a). [426 Mich 261, n 35.]

Earlier, in *McCann,* Justice RYAN had provided this explanation:

> At first impression, it may appear appropriate to characterize governmental immunity as an affirmative defense. However, a careful analysis of the doctrine as construed by this Court indicates that, to plead a cause of action against the state or its agencies, the plaintiff must plead and prove facts in avoidance of immunity. In *McNair v State Hwy Dep't,* 305 Mich 181, 187; 9 NW2d 52 (1943), for instance, we held that the state's failure to plead sovereign immunity will not constitute a waiver because "failure to plead the defense of sovereign immunity cannot create a cause of action where none existed before." In *Penix v City of St Johns,* 354 Mich 259; 92 NW2d 332 (1958), we held that a complaint which contained no averment that the defendant was engaging in a proprietary function, and which in fact alleged activity to which governmental immunity applied, stated no cause of action against the municipality. Thus, although we have on occasion referred to governmental immunity as a defense, see *McNair v State Hwy Dep't; Martinson v Alpena,* 328 Mich 595, 599; 44 NW2d 148 (1950), our past treatment of the doctrine indicates that its inapplicability is an element of a plaintiff's case against the state. [398 Mich 77, n 1.]

Moreover, this Court has held that the authority to waive a governmental body's sovereign or governmental immunity rests only with the Legislature. *Benson v State Hosp Comm,* 316 Mich 66; 25 NW2d 112 (1946).[1] See also *McNair v State Hwy Dep't,* 305 Mich 181, 187; 9 NW2d 52 (1943), wherein we said,

> If, as we hold, such defense [governmental immunity] can only be waived by legislative action, then it necessarily follows that the attorney general, an officer of the State of Michigan, may not

---

[1] In view of the status and powers conferred by article 8 of the 1963 Constitution upon certain public universities, including the Univer-

> *waive such defense. Moreover, the failure to plead
> the defense of sovereign immunity cannot create a
> cause of action where none existed before.* [Emphasis added.]

It might be argued that pleading requirements
were changed by a court rule amendment effective
March 1, 1985, which added "immunity granted by
law" to the list of affirmative defenses. MCR
2.111(F)(3)(a). However, that amendment merely
clarified that an *individual* who claims immunity
must plead it as an affirmative defense. Appellate
court decisions issued subsequent to adoption of
the amendment have indicated that pleading re-
quirements with respect to a governmental entity
remain unaffected. See *Hyde, supra,* 426 Mich 261
(which specifically refers to the 1985 amendment).
See also *Hoffman v Genesee Co,* 157 Mich App 1,
7-8; 403 NW2d 485 (1987), lv den 428 Mich 902
(1987), and *Canon v Thumudo,* 430 Mich 326, 344,
n 10; 422 NW2d 688 (1988), wherein a majority of
this Court recently said:

> Unlike a claim of individual immunity, sover-
> eign and governmental immunity are not affirma-
> tive defenses, but characteristics of government
> which prevent imposition of tort liability. A plain-
> tiff therefore bears the burden of pleading facts in
> the complaint which show that the action is not
> barred by the governmental immunity act. MCL
> 691.1401 *et seq.;* MSA 3.996(101) *et seq.* This may
> be accomplished by pleading facts which show that
> the tort occurred during the exercise of a nongov-
> ernmental or proprietary function or by stating a
> claim which fits within one of the statutory excep-
> tions. *Hyde, supra,* p 261, n 35; *Ross, supra,* p 621,
> n 34; *Galli v Kirkeby,* 398 Mich 527, 541; 248
> NW2d 149 (1976); *McCann v Michigan,* 398 Mich
> 65, 77, n 1; 247 NW2d 521 (1976).

---

sity of Michigan, a party defendant in one of the cases consolidated in
this appeal, the argument is available that immunity could be waived
in the case of such a university by its governing board.

As I read the postamendment appellate decisions, a plaintiff still is required to allege facts in avoidance of immunity in order to plead a cause of action against the state or its agencies, and a governmental entity cloaked with immunity still is *not* required to plead immunity as an affirmative defense.

It is ironic and unjust that similarly situated plaintiffs who filed defective pleadings prior to *Ross* will benefit by the majority's decision today, while plaintiffs who followed the rules and pleaded facts in avoidance of immunity will be penalized. This stands the law of governmental immunity on its head.

The phrase "raised and preserved" employed in *Hyde* contemplates an appellate court review of the record made in a trial court. I see nothing in this Court's opinions in *Ross* or *Hyde* which should necessarily preclude the timely preservation of issues for appeal.

Reliance by parties on the state of the law should be a very important factor in determining the prospective-retroactive application of a law-changing decision. Plaintiffs in both of the cases before us relied on *Parker* and did not plead facts in avoidance of governmental immunity. The defendants in both cases also relied on *Parker* and did not file what at the time would have been a frivolous motion for summary disposition on the basis of governmental immunity. Within a short time after *Ross* was decided, both defendants moved for summary disposition on immunity grounds. Under the circumstances, I conclude that the immunity issue was timely raised and preserved in the only way that made any sense at the time.

I would affirm the decision of the Court of Appeals in *Stein,* and I would reverse its decision in *Rifkin.*