JOPLIN v UNIVERSITY OF MICHIGAN BOARD OF REGENTS (ON REMAND)

Docket No. 124942. Submitted January 16, 1990, at Lansing. Decided July 3, 1990.

Eunice Joplin brought a medical malpractice action in Washtenaw Circuit Court, Ross W. Campbell, Jr., J., against the Board of Regents of the University of Michigan, Charles Drescher, M.D., and John Hebert, III, M.D. The court granted defendants summary disposition on the ground of governmental immunity. Plaintiff appealed only with regard to the individual defendants. The Court of Appeals affirmed. 173 Mich App 149 (1988). In February, 1989, plaintiff's motion for rehearing was denied. The Supreme Court, in lieu of granting plaintiff leave to appeal, remanded to the Court of Appeals for reconsideration in light of *Stein v Southeastern Michigan Family Planning Project, Inc,* 432 Mich 198 (1989), and in light of the fact that plaintiff did not raise the issue whether the decision in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567 (1984), should be applied to the case until she filed her motion for rehearing with the Court of Appeals. 434 Mich 851 (1990).

The Court of Appeals, on remand, *held:*

Plaintiff did not timely challenge the applicability of defendant doctors' individual immunity under *Ross.* Therefore, plaintiff's challenge has been waived.

Affirmed.

*Ronald B. Maister* and *Monica Farris Linkner,* for plaintiff.

*Boothman, Hebert, Eller & Yockey, P.C.* (by *Dale L. Hebert),* for defendants.

Before: DANHOF, C.J., and HOLBROOK, JR. and CYNAR, JJ.

PER CURIAM. This case comes before us on remand from the Supreme Court "for reconsidera-

tion in light of *Stein v Southeastern Michigan Family Planning [Project, Inc]*, 432 Mich 198 [438 NW2d 76] (1989), and in light of the fact that the plaintiff did not raise the issue whether the decision in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 [363 NW2d 641] (1984), should be applied to this case until she filed her motion for rehearing with the Court of Appeals." 434 Mich 851 (1990).

In *Stein,* the Supreme Court held that a hospital owned by a governmental entity that did not challenge the correctness of the Supreme Court's decision in *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), or assert a defense of governmental immunity before *Ross, supra,* was decided, had not raised or preserved the issue. *Stein,* 203.

In this case, plaintiff filed a medical malpractice action against defendants in September, 1984. *Ross* was decided in December, 1984. In October, 1986, the Supreme Court in *Hyde v University of Michigan Bd of Regents,* 426 Mich 223; 393 NW2d 847 (1986), "limited" the retroactivity of *Ross.* On November 7, 1986, the Washtenaw Circuit Court granted defendants' motion for summary disposition on the grounds of governmental immunity, relying on the Supreme Court's decision in *Ross.* Plaintiff appealed to this Court only with regard to individual defendants Drs. Drescher and Hebert. In November, 1988, this Court affirmed the trial court's decision. *Joplin v University of Michigan Bd of Regents,* 173 Mich App 149; 433 NW2d 830 (1988). In February, 1989, plaintiff's motion for rehearing was denied.

On remand, we affirm our prior decision. We find that regardless of whether defendant hospital would be granted governmental immunity under

*Hyde* and *Stein,* regardless of whether the holding of *Stein* applied to defendants individually, and regardless of whether defendant doctors would be individually immune under *Hyde,* plaintiff did not timely challenge the applicability of defendant doctors' individual immunity under *Ross* until her motion for rehearing in this Court. Therefore, plaintiff's challenge has been waived and our prior decision stands.

Affirmed.