WEAVER, J.
(dissenting). I respectfully dissent from the majority opinion overruling Lewis v DAIIE, 426 Mich 93; 393 NW2d 167 (1986), and I disagree with the majority’s decision to give its opinion limited retroactive, instead of prospective, effect.
i
Had I been on the Michigan Supreme Court in 1986, I would likely have joined Justice BRICKLEY and Justice RILEY in dissenting from Lewis. I agree with Justice BRICKLEY’s dissent in Lewis, and his statement that
[s]ection 3145 is clear in its directive that a claimant cannot recover benefits for losses incurred more than one year prior to the commencement of the suit; not one year plus the period of time between making the claim and the denial of the claim as the majority holds. [Lewis, supra, at 105.]
But nineteen years later, I cannot join the majority’s decision to overrule the longstanding precedent applying judicial tolling to this statute. In this case, there is no need to unsettle the law and disregard the doctrine of stare decisis.
Under the doctrine of stare decisis, it is necessary to follow earlier judicial decisions when the same points arise again in litigation. Garner, A Dictionary of Modern Legal Usage (New York: Oxford University Press, 1995), p 827. This promotes stability in the law. In determining whether to overrule a prior case, pursuant to the doctrine of stare decisis, this Court should first consider whether the earlier decision was wrongly *621 decided. If it was wrongly decided, the Court should then examine reliance interests: whether the prior decision defies “practical workability”; whether the prior decision has become so embedded, so fundamental to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations; whether changes in the law or facts no longer justify the prior decision; and whether the prior decision misread or misconstrued a statute. Robinson v Detroit, 462 Mich 439, 464-467; 613 NW2d 307 (2000).
As stated above, I agree with Justice BRICKLEY’s dissent in Lewis; I would find that Lewis was wrongly decided. But after examining the reliance interest factors, I would not overrule Lewis. First, the Lewis decision does not defy “practical workability”; it has been applied for nineteen years without causing any fundamental problems with no-fault insurance. Second, the Lewis decision has indeed become “so embedded, so fundamental, to everyone’s expectations that to change it would produce not just readjustments, but practical real-world dislocations.” Robinson, supra at 466. Claimants who consulted an attorney on whether they needed to file suit after receiving no response to a filed claim would have been told, on the basis of Lewis, that filing the claim had preserved their rights until they received an answer from the insurance company. Changing that rule now will affect an unknown number of claimants who will lose their rights to benefits that had previously been protected. Third, there have been no changes in the law or facts since Lewis was issued. Finally, Lewis did not misread or misconstrue a statute; instead, it applied judicial tolling to the statute as an equitable matter.
In light of the doctrine of stare decisis and the purposes it serves, neither the defendant nor the ma *622 jority have given sufficient reason to overrule Lewis. Correction for correction’s sake does not make sense. The case has not been made why the Court should not adhere to the doctrine of stare decisis in this case.
If there are genuine problems with Lewis's application of the judicial tolling doctrine, they can be brought to the Legislature’s attention by the insurance industry.
ii
Further, I disagree with the majority’s decision to give its decision limited retroactive effect. Because its decision overrules nineteen years of precedent and because claimants may have acted in reliance on Lewis, the majority’s decision should be applied prospectively.
A
A judicial decision can be applied with full retroactivity, with limited retroactivity, or prospectively. Monat v State Farm Ins Co, 469 Mich 679, 702; 677 NW2d 843 (2004) (CAVANAGH, J., dissenting).
When a decision is given full retroactive effect, the parties in that case are bound by the decision, and the parties in other cases then pending, as well as any potential claimants who would have filed suits in the future, are bound by it as well. See Tebo v Havlik, 418 Mich 350, 363-364; 343 NW2d 181 (1984) (opinion by Brickley, J.).
The majority has decided to give its ruling limited retroactive effect. This means that its ruling will apply “only in cases commenced after the overruling decision and in pending cases where the issue had been raised and preserved.” Stein v Southeastern Michigan Family Planning Project, Inc, 432 Mich 198, 201; 438 NW2d 76 (1989). Accordingly, for any cases filed before today’s *623 decision, that is, any cases that have been brought in reliance on our ruling in Lewis, the parties will not be bound by today’s decision unless the issue has been raised and preserved. However, the parties to an unknown number of pending claims will be bound by the majority’s decision where the claimant relied on Lewis’s ruling.
The most flexible approach, which would be the least harmful application of the majority’s decision, would be to apply the ruling prospectively. Prospective application would apply this ruling only to cases filed after today’s decision, and would not bind the parties in this case to today’s decision. Tebo, supra at 364. See Comment, Michigan’s civil retroactivity jurisprudence: A proposed framework, 2002 MSU-DCL L R 933 (2002).
B
As the majority has noted, the general rule is that judicial decisions are to be given full retroactive effect. Hyde v Univ of Michigan Bd of Regents, 426 Mich 223, 240; 393 NW2d 847 (1986). But this Court has used a more flexible application of its rulings in situations where applying the ruling with complete retroactivity would result in an injustice to a certain class of litigants. Gladych v New Family Homes, Inc, 468 Mich 594, 606; 664 NW2d 705 (2003). In fact, this Court noted in Hyde that “[w]e often have limited the application of decisions which have overruled prior law or reconstrued statutes.” Hyde, supra at 240.
Today, the majority has both overruled prior law and reconstrued a statute. By overruling Lewis, the majority has overruled the law regarding the tolling of the one-year-back limitations period that has been in place in the state of Michigan for the past nineteen years. *624 Further, the majority’s decision today rests largely on the reinterpretation of MCL 500.3145(1). Under these circumstances, the majority certainly has the discretion to apply this ruling prospectively, and should do so out of fairness to those who have acted in reliance on the nearly two decades of precedent that preceded this ruling.
Because today’s decision overrules settled precedent, it should be applied prospectively. This Court issued its decision in Lewis more than nineteen years ago. Therefore, the law in the state of Michigan over-that period has been that the one-year-back time limitation of MCL 500.3145(1) for claimants to recover no-fault personal protection insurance benefits was tolled from the time that the claim was filed until the time when the insurer formally denied liability. Furthermore, from the time of our decision in Lewis until the present case, this Court has neither issued a ruling nor “foreshadowed” that the interpretation of this tolling of the one-year-back limitations period would be changed. Under these circumstances, prospective application of today’s decision is appropriate.
Under the majority’s rule, any claimant who postponed his or her decision to file a suit against an insurance company in reliance on Lewis is now barred from recovering benefits from more than one year before the time that suit is filed if the defendant insurance company raised and preserved the issue at trial. Hence, any insurance company that raised this issue at trial in the hopes that this Court would overrule Lewis will now be rewarded at the expense of the claimants who acted in complete accord with the law. This situation creates precisely the type of injustice that this Court intended to prevent by creating flexibil *625 ity in the application of its decisions. Unfortunately the majority’s decision today disregards this precedent and will cause injustice.
hi
For these reasons, I respectfully dissent from the majority’s decision.