RICHARD v SCHNEIDERMAN & SHERMAN, PC

Docket No. 297353. Submitted July 7, 2011, at Detroit. Decided August 25, 2011, at 9:10 a.m. Vacated and remanded, 490 Mich 1001.

Aaron Richard brought an action in the Wayne Circuit Court against Schneiderman & Sherman, P.C., GMAC Mortgage, and Mortgage Electronic Registration Systems, Inc. (MERS). Richard had purchased real property, obtaining financing in part through a $50,000 loan from Homecomings Financial Network, Inc. The loan was simultaneously secured by a mortgage with MERS as the nominee of Homecomings. Schneiderman acting as GMAC's agent, notified Richard that his mortgage was in default and informed him of his rights. MERS subsequently began nonjudicial foreclosure by advertisement under MCL 600.3201 *et seq.* and purchased the property at the subsequent sheriff's sale. Richard's suit was brought during the redemption period and challenged the sheriff's sale on numerous grounds. Schneiderman, GMAC, and MERS moved for summary disposition, which the court, Michael F. Sapala, J., granted. Richard appealed.

The Court of Appeals *held*:

*Residential Funding Co, LLC v Saurman*, 292 Mich App 321 (2011), held that a mortgagee may not use nonjudicial foreclosure by advertisement when it does not own the underlying note on the real property. Generally, judicial decisions are given complete retroactive effect. Complete prospective application is limited to decisions which overrule clear and uncontradicted caselaw. The threshold question is whether the decision clearly established a new principle of law. *Saurman* must be given full retroactive effect because it did not overrule any law or reconstrue a statute. Given the unique nature of foreclosure by advertisement, *Saurman* would not apply in an action if the mortgagor failed to challenge the foreclosure during the redemption period or any proceedings seeking an eviction order or if the property had been sold to a bona fide purchaser. Richard timely filed his claim during the redemption period, however, and there was no evidence of a bonafide purchaser, so *Saurman* applied and the foreclosure proceedings were void *ab initio*.

Reversed, foreclosure proceeding vacated, and case remanded for further proceedings.

Aaron Richard *in propria persona.*

*Schneiderman & Sherman, P.C.* (by *Andrew J. Hubbs* and *Erin R. Katz*), for defendants.

Before: BORRELLO, P.J., and METER and SHAPIRO, JJ.

PER CURIAM. Plaintiff, Aaron Richard, appeals as of right an order granting summary disposition in favor of defendants, Schneiderman & Sherman, P.C., GMAC Mortgage, and Mortgage Electronic Registration Systems, Inc. (MERS). We reverse the trial court's grant of summary disposition, vacate the foreclosure proceeding, and remand for further proceedings consistent with this opinion.

This case arises from plaintiff's attempts to challenge the foreclosure and sale of property he owned located at 19952 Hubbell in Detroit. Plaintiff purchased the property in part through a $50,000 loan, executed on May 4, 2006, from Homecomings Financial Network, Inc. The loan was secured by a May 4, 2006, mortgage with MERS, as the nominee of Homecomings.

It is not clear from the record when plaintiff fell behind on his mortgage payments. However, on October 9, 2009, Schneiderman, acting as GMAC's agent, mailed plaintiff a notice stating that his mortgage was in default and informing him of his rights, including the right to request mediation. The outstanding debt owed to GMAC was listed as $50,267.78. Ultimately, MERS began nonjudicial foreclosure by advertisement under MCL 600.3201 *et seq.* and purchased the property at the subsequent sheriff's sale.

Plaintiff filed suit, *in propria persona*, during the redemption period, alleging that the sheriff's sale was "flawed" on numerous grounds and asserting that MERS held no rights to the debt. Defendants moved for summary disposition, asserting, among other things,

that the sheriff's sale was "not only legal, but also valid, as all required procedures were followed." The trial court granted summary disposition in favor of defendants and dismissed plaintiff's claim.

Although many of plaintiff's claims are without merit, it is clear that the sheriff's sale was invalid because MERS foreclosed on plaintiff's property using nonjudicial foreclosure by advertisement even though MERS was only a mortgagee. This Court has held that MERS is not entitled to use foreclosure by advertisement when it does not own the underlying note. *Residential Funding Co, LLC v Saurman*, 292 Mich App 321, 331-333; 807 NW2d 412 (2011).* Under such circumstances, "MERS' inability to comply with the statutory requirements rendered the foreclosure proceedings . . . void *ab initio*." *Id.* at 342. Because the application of *Saurman* is dispositive, we must determine whether *Saurman* is retroactive and, if so, whether to assign it full or limited retroactivity.

"[T]he general rule is that judicial decisions are to be given complete retroactive effect." *Hyde v Univ of Mich Bd of Regents*, 426 Mich 223, 240; 393 NW2d 847 (1986). "Complete prospective application has generally been limited to decisions which overrule clear and uncontradicted case law." *Id.*

> Rules determined in opinions that apply retroactively apply to all cases "still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule[s]." *Harper v Virginia Dep't of Taxation*, 509 US 86, 97; 113 S Ct 2510; 125 L Ed 2d 74 (1993). Rules determined in opinions that apply prospectively only, on the other hand, not only do not apply to cases still open on direct review, but do not even apply to the parties in the cases in which the rules are declared. See

---

* Reversed, 490 Mich 909 (2011)—REPORTER.

*Pohutski v City of Allen Park*, 465 Mich 675, 699; 641 NW2d 219 (2002). [*McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76, 94; 795 NW2d 205 (2010).]

Given that the *Saurman* Court applied its holding to the cases under review in that appeal, it is clear that the holding in *Saurman* has been afforded at least limited retroactivity.[1] However, cases given limited retroactivity apply "in pending cases where the issue had been raised and preserved," *Stein v Southeastern Mich Family Planning Project, Inc*, 432 Mich 198, 201; 438 NW2d 76 (1989), while cases with full retroactivity apply to all cases then pending. This distinction makes a difference because, although plaintiff contested the foreclosure, he did not specifically raise and preserve the issue of whether MERS has the authority to foreclose by advertisement. Thus, *Saurman* is only applicable to this case if it is granted full retroactivity.

"The threshold question is whether 'the decision clearly established a new principle of law.' " *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 220; 731 NW2d 41 (2007) (citation omitted). Our Supreme Court has held that cases that properly interpret statutes, even if prior caselaw had held differently, "restore[] legitimacy to the law" and, thus, are "not a declaration of a new rule, but . . . a vindication of controlling legal authority[.]" *Id.* at 222 (quotation marks and citation omitted). In *Saurman*, this Court interpreted MCL 600.3204(1)(d). There was no existing caselaw and, therefore, it did not overrule any law or reconstrue a statute. See *Hyde*, 426 Mich at 240. Consequently, this

---

[1] In addition, " 'there is a serious question as to whether it is constitutionally legitimate for this Court to render purely prospective opinions, as such ruling are, in essence, advisory opinions.' " *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 221; 731 NW2d 41 (2007), quoting *Wayne Co v Hathcock*, 471 Mich 445, 485 n 98; 684 NW2d 765 (2004).

Court's decision in *Saurman* was not "tantamount to a new rule of law," see *Rowland*, 477 Mich at 222 n 17, and, therefore should be given full retroactive effect. Hence, *Saurman* is applicable to the instant case, rendering the foreclosure proceedings void *ab initio*. *Saurman*, 292 Mich App at 342.

However, given the unique nature of foreclosure by advertisement, there is longstanding caselaw that limits the application of *Saurman*. First, our Supreme Court has held that a mortgagor must challenge the validity of a foreclosure by advertisement promptly and without delay. See *White v Burkhardt*, 338 Mich 235, 239; 60 NW2d 925 (1953) (concluding that a claim was too late when the redemption period had expired before the filing of the complaint); *Fox v Jacobs*, 289 Mich 619, 625; 286 NW 854 (1939) (concluding that a challenge 20 months after foreclosure sale was too late). In addition, our Supreme Court has held that the validity of a foreclosure by advertisement may not be challenged after the property is sold to a bona fide purchaser. See *Hogan v Hester Investment Co*, 257 Mich 627; 241 NW 881 (1932). Thus, *Saurman* does not apply in an action to recover title or possession of property if the mortgagor failed to challenge the foreclosure by advertisement during the redemption period or any proceedings seeking an order of eviction, or if the foreclosed property has been sold to a bona fide purchaser.

Because plaintiff filed his claim during the redemption period and there is no evidence of a bona fide purchaser, he is entitled to relief under *Saurman*. Accordingly, we reverse the trial court's grant of summary disposition, vacate the foreclosure proceeding, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

BORRELLO, P.J., and METER and SHAPIRO, JJ., concurred.