HOFFMAN v GENESEE COUNTY

Docket No. 71348. Submitted April 16, 1986, at Lansing. Decided January 5, 1987. Leave to appeal applied for.

Edward H. Hoffman, allegedly a mentally ill person, ran away from his twin brother and their brother-in-law in Swartz Creek. The brother and brother-in-law sought help from officers of the Swartz Creek Police Department to apprehend Edward. Genesee County Sheriff's Deputies also responded and assisted in locating and apprehending Edward Hoffman. After talking to him for awhile, the officers released Edward Hoffman to the care of his brother and brother-in-law, who took him home. Edward Hoffman subsequently ran away again and was struck by a train. Edward H. Hoffman and his conservator, Fred H. Hoffman, filed a negligence action against Genesee County, the Genesee County Sheriff, the Genesee County Sheriff's Deputies involved, the City of Swartz Creek, the Swartz Creek Police Chief, and the Swartz Creek Police Officers involved in Genesee Circuit Court advancing several theories of liability, all based upon an alleged failure to properly protect Edward Hoffman as a mentally ill person. The court, Judith A. Fullerton, J., granted summary disposition in favor of all the defendants on the grounds that defendants were entitled to governmental immunity and that plaintiffs failed to state a claim upon which relief could be granted. Plaintiffs appealed from the orders of summary disposition as to all defendants except Genesee County.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Incompetent Persons § 38.

Am Jur 2d, Municipal, School, and State Tort Liability §§ 25, 310-312.

Am Jur 2d, Pleading §§ 152 *et seq.*

Am Jur 2d, Public Officers and Employees §§ 369 *et seq.;* 620.

Am Jur 2d, Sheriffs, Police, and Constables § 159.

Immunity of public officer from liability for injuries caused by negligently released individual. 5 ALR4th 773.

Liability of municipality or other governmental unit for failure to provide police protection. 46 ALR3d 1084.

See also the annotations in the Index to Annotations under Incompetent and Insane Persons; Pleadings.

1. Plaintiffs' original complaint did not allege that the basis of their claim against the City of Swartz Creek falls within one of the statutory exceptions to governmental immunity, nor did they plead facts demonstrating that the tort occurred during the exercise or discharge of a nongovernmental or proprietary function. Further, no pleadings filed in support of plaintiffs' motion to amend their complaint support a cause of action against the city. The trial court's dismissal of plaintiff's original complaint, and subsequent denial of their motion for leave to amend the complaint, as against the City of Swartz Creek is affirmed.

2. The trial court erred in granting on grounds of governmental immunity summary disposition in favor of the Swartz Creek Police Chief and the individual officers involved and in favor of the Genesee County Sheriff and the individual deputies involved. Plaintiffs may state a cause of action against those defendants without the necessity of pleading facts in their complaint to avoid governmental immunity.

3. The trial court erred insofar as it found that the allegations in plaintiffs' complaint reveal an immunity on the part of the defendant sheriff, deputies, police chief and police officers which cannot be overcome by further factual development. That error, however, does not preclude defendants from raising a motion for summary disposition supported by proper affidavits or other documentary evidence.

4. The trial court's order granting summary disposition as to the City of Swartz Creek is affirmed. The order denying plaintiffs leave to amend their complaint as to the police chief and police officers and the order granting summary disposition as to the sheriff and his deputies are reversed, and the matter is remanded for further proceedings.

Affirmed in part, reversed in part and remanded.

MacKenzie, J., dissented from that portion of the majority opinion holding that the trial court erred by granting summary disposition in favor of the individual police officers and deputy sheriffs. She would hold that the officers' decision to release Hoffman to the custody of his family was within their discretion under the Mental Health Code and that they are not civilly liable for that decision. She would affirm the trial court's grant of summary disposition in favor of the police officers and deputy sheriffs.

### OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — AVOIDANCE OF IMMUNITY — PLEADING.

A plaintiff when pleading a cause of action against a governmen-

tal entity entitled to immunity under the governmental tort liability act has an affirmative duty to plead facts in his or her complaint in avoidance of immunity, i.e., facts must be alleged which would justify a finding that the alleged tort does not fall within the concept of sovereign or governmental immunity; this may be accomplished by stating a claim which fits into one of the statutory exceptions or pleading facts which demonstrate that the tort occurred during the exercise or discharge of a nongovernmental or proprietary function (MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.*).

2. GOVERNMENTAL IMMUNITY — TORT LIABILITY — GOVERNMENTAL AGENCIES.

Sovereign and governmental immunity are not affirmative defenses, but are characteristics of government which prevent imposition of tort liability upon governmental agencies.

3. GOVERNMENTAL IMMUNITY — AVOIDANCE OF IMMUNITY — PLEADING.

Avoidance of governmental immunity is a necessary part of a claim against a governmental agency.

4. TORTS — IMMUNITY — POLICE OFFICERS.

Police officers, unlike governmental entities, are not inherently immune to tort liability, but rather are protected by a qualified grant of common law immunity which is delegated to an individual in his capacity as a governmental servant.

5. TORTS — IMMUNITY — POLICE OFFICERS — MENTAL HEALTH CODE.

Peace officers acting in compliance with the Mental Health Code are acting in the course of their official duty and are not liable for actions taken unless they engage in behavior involving gross negligence or wilful and wanton misconduct (MCL 330.1427b; MSA 14.800[427b]).

6. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — AFFIRMATIVE DEFENSES — PLEADING.

The immunity of a governmental entity to tort liability is an inherent characteristic of government which prevents imposition of tort liability and is not an affirmative defense; conversely, the concept of governmental immunity, when applied to an employee of a governmental agency, is not an inherent characteristic of the employee, but is instead a delegated immunity, derivative of government, which may be affirmatively asserted to avoid the legal effect of claims that arise out of activities which are within the scope of the immunity delegated.

7. TORTS — GOVERNMENTAL EMPLOYEES — PLEADING.

A plaintiff in a tort action against a governmental employee need not plead facts in avoidance of governmental immunity in his complaint.

8. TORTS — GOVERNMENTAL EMPLOYEES — PLEADING — SUMMARY DISPOSITION — IMMUNITY.

A trial court, when considering whether a plaintiff has stated a claim against a governmental employee in a tort action, should analyze the pleadings without reference to governmental immunity; if governmental immunity is to be asserted as a basis for summary disposition on behalf of a governmental employee, it should be asserted on the ground that the plaintiff's claim is barred because of immunity granted by law (MCR 2.116[C][7]).

DISSENT BY MacKENZIE, J.

9. MENTAL HEALTH — MENTALLY ILL PERSONS — PROTECTIVE CUSTODY — POLICE OFFICERS.

*Police officers are not civilly liable for making a decision not to place a mentally ill person in protective custody where they act in compliance with the Mental Health Code in the course of their official duty and no gross negligence or wilful and wanton misconduct is alleged (MCL 330.1427[1]; 330.1427b; MSA 14.800[427][1], 14.800[427b]).*

*Philip J. Olson II,* for plaintiffs.

*Nill, Kirby, Rockwell & Swann, P.C.* (by *Robert H. Shannon*), for Deputy Max Warden, Deputy Sergeant Dan Spaniola, and Sheriff John P. O'Brien.

*Wilson, Portnoy, Leader, Pidgeon & Roth, P.C.* (by *Robert P. Roth*), for Officer Rick Clolinger, Officer Robert R. Adams, Police Chief Ray Adams, and the City of Swartz Creek.

Before: ALLEN, P.J., and MacKENZIE and J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. Plaintiff Edward Hoffman, a

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

mentally ill person, and his conservator, plaintiff Fred Hoffman, seek damages from defendants for injuries suffered by Edward when he was struck by a freight train. Plaintiffs in their original and second amended complaint advance several theories of liability all of which are based upon an alleged failure of defendant officers or their employers to properly protect Edward as a mentally ill person. See MCL 330.1427; MSA 14.800(427).

Plaintiffs now appeal as of right from the trial court's order dismissing their original complaint by a motion for summary disposition under GCR 1963, 117.2(1), now MCR 2.116(C)(8), as against original defendants, City of Swartz Creek, Swartz Creek Police Chief Ray Adams, and Swartz Creek Police Officers Rick Clolinger and Robert Adams, as well as the trial court's order denying leave to amend the original complaint as to these original defendants.

Plaintiffs also appeal as of right from the trial court's order dismissing their second amended complaint by motion for summary disposition under GCR 1963, 117.2(1), now MCR 2.116(C)(8), as against Genesee County Sheriff John P. O'Brien and his deputies Spaniola and Warden.

The grounds required for summary dismissal of a complaint under both 'GCR 1963, 117.2(1) and MCR 2.116(C)(8) are identical, namely, that the opposing party has failed to state a claim upon which relief can be granted.

The granting of a motion for summary disposition based upon a failure to state a claim upon which relief can be granted is to be tested by the pleadings alone, and all well pled material allegations must be taken as true. *Abel v Eli Lilly & Co,* 418 Mich 311; 343 NW2d 164 (1984).

When pleading a cause of action against a governmental entity entitled to immunity under the

governmental tort liability act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* a plaintiff has an affirmative duty to plead facts in his or her complaint in avoidance of immunity, i.e., he or she must allege facts which would justify a finding that the alleged tort does not fall within the concept of sovereign or governmental immunity. This may be accomplished by stating a claim which fits into one of the statutory exceptions or pleading facts which demonstrate that the tort occurred during the exercise or discharge of a nongovernmental or proprietary function. Sovereign and governmental immunity are not affirmative defenses, but are characteristics of government which prevent imposition of tort liability upon the governmental agency. *Galli v Kirkeby,* 398 Mich 527, 532, 540-541; 248 NW2d 149 (1976), cited in *Ross v Consumers Power Co (On Reh),* 420 Mich 567, 621, n 34; 363 NW2d 641 (1984). Avoidance of governmental immunity is a necessary part of a claim against a governmental agency, and a motion under GCR 1963, 117.2(1), now MCR 2.116(C)(8), is appropriate to test the adequacy of a plaintiff's complaint.

Plaintiffs' original complaint does not allege that the basis of their claim against the city falls within one of the statutory exceptions to governmental immunity, nor have they pled facts which demonstrate that the tort occurred during the exercise or discharge of a nongovernmental or proprietary function. Further, we find no pleadings filed in support of plaintiffs' motion to amend their complaint which would support a cause of action against the city.

The trial court's dismissal of plaintiffs' original complaint under GCR 1963, 117.2(1), now MCR 2.116(C)(8), as against the City of Swartz Creek and subsequent denial of their motion for leave to

amend the complaint as to this defendant should be affirmed.

The defendant deputies and police officers, as well as the sheriff and police chief, unlike governmental entities, are not inherently immune, but rather, as explained in *Ross, supra,* 420 Mich 621-635, are protected by a grant of common law immunity which is delegated to an individual in his capacity as a governmental servant; the immunity conferred is a *qualified* grant of immunity.

Additionally, the individual defendant peace officers, under the circumstances of this case, are also entitled to a qualified grant of immunity under § 427b of the Mental Health Code, MCL 330.1001 *et seq.;* MSA 14.800(1) *et seq.* Section 427b, MCL 330.1427b; MSA 14.800(427b), provides that peace officers acting in compliance with the code are acting in the course of their official duty and are not liable for actions taken unless they engage in behavior involving gross negligence or wilful and wanton misconduct.

Thus, while the immunity of a governmental entity is an inherent characteristic of government which prevents imposition of tort liability and is not an affirmative defense, *Ross,* 420 Mich 596-608, 621, n 34, conversely, the concept of governmental immunity, when applied to an employee of a governmental agency, is not an inherent characteristic of the employee, but is instead a delegated immunity, derivative of government, which may be affirmatively asserted to avoid the legal effect of claims that arise out of activities which are within the scope of the immunity delegated. Differently put, governmental immunity when asserted by an employee of government constitutes a defense which, by reason of affirmative matter, seeks to avoid the legal effect of a plaintiff's claims. As such, in a cause of action against a governmental

employee, governmental immunity must be classified as an affirmative defense under former GCR 1963, 111.7, now MCR 2.111(F)(3). See 1 Honigman & Hawkins, Michigan Court Rules Annotated, p 201, Comment 3D; see also 1 Martin, Dean & Webster, Michigan Court Rules Practice, p 192, Comment 6b.

Consequently upon the maintenance of an action against a governmental employee, as distinguished from a governmental entity, a plaintiff need not plead facts in avoidance of immunity in his or her complaint. See *Booth Newspapers, Inc v U of M Regents,* 93 Mich App 100, 109; 286 NW2d 55 (1979). Thus, a trial court, when considering if a plaintiff has stated a claim against a governmental employee under GCR 1963, 117.2(1), now MCR 2.116(C)(8), should analyze the pleadings without reference to governmental immunity. If governmental immunity is to be asserted as a basis for summary disposition on behalf of a governmental employee, it should be raised under MCR 2.116(C)(7), i.e., the plaintiff's claim is barred because of immunity granted by law.

The trial judge granted motions for summary disposition as to both plaintiffs' original complaint and second amended complaint under GCR 1963, 117.2(1), now MCR 2.116(C)(8), for failure to state a claim upon which relief can be granted. We concur with the holding of the trial judge as to plaintiffs' original complaint, but believe she subsequently erred in prohibiting amendment of that complaint as to defendant police chief and defendant police officers for the reason that it reasonably appears that plaintiffs would be able to plead a cause of action without reference to governmental immunity against these defendants. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973). As to the second amended complaint, we find

plaintiffs have met the minimal pleading requirements in stating a claim against the sheriff and his deputies and therefore hold that the trial judge erred by granting summary disposition pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8).

Our discussion would not be complete should we fail to note that mere mislabeling of a motion does not preclude review where the lower court record otherwise permits review. *Witucke v Presque Isle Bank,* 68 Mich App 599, 604, n 2; 243 NW2d 907 lv den 397 Mich 842 (1976). To the extent the trial court found that the factual allegations in plaintiffs' complaint reveals an immunity on the part of defendant sheriff, deputies, police chief and police officers which cannot be overcome by further factual development, see MCR 2.116(I)(1), we disagree with its holding. However, the trial court has heretofore ruled only on the face of plaintiffs' complaint. Our holding here does not preclude defendants from hereafter raising a motion for summary disposition pursuant to MCR 2.116(C)(7), supported by proper affidavits or other documentary evidence. MCR 2.116(G)(3)(a).

We decline to consider upon the present record whether or not a grant of summary disposition under MCR 2.116(C)(7), i.e., immunity granted by law, would be proper if so supported, preferring to remand for further proceedings in the trial court.

We reverse the trial court's order denying leave to amend as to the police chief and police officers.

We reverse the trial court's order granting summary disposition as to the sheriff and his deputies.

We affirm the trial court's order granting summary disposition as to the City of Swartz Creek.

We retain no jurisdiction and remand for further proceedings in the trial court.

No costs.

ALLEN, P.J. concurred.

MACKENZIE, J. *(dissenting in part).* I respectfully dissent from that portion of the majority opinion holding that the trial judge erred by granting summary judgment as to the individual defendant peace officers and deputy sheriffs.

Section 427b of the Mental Health Code, MCL 330.1427b; MSA 14.800(427b), provides that peace officers acting in compliance with the code are acting in the course of their official duty and are not liable for actions taken unless they engage in behavior involving gross negligence or wilful and wanton misconduct. Section 427(1) of the code provides in pertinent part:

> If a peace officer observes an individual conducting himself or herself in a manner which causes the peace officer to reasonably believe that the individual is a person requiring treatment . . . the peace officer *may* take the individual into protective custody and transport the individual to a hospital for examination . . . or *may* notify the community mental health emergency service unit for the purpose of requesting mental health intervention services . . . . [MCL 330.1427(1); MSA 14.800(427)(1). Emphasis added.]

This language clearly makes the decision whether or not to take a person into protective custody or to notify the community mental heath emergency service unit discretionary with the peace officer. Compare MCL 330.1426; MSA 14.800(426). It does not create an affirmative duty on the part of police officers to take into custody persons requiring treatment. See *Gilchrist v City of Livonia,* 599 F Supp 260 (ED Mich, 1984).

Here, plaintiffs' complaint indicates that defendants decided not to place Edward Hoffman in

protective custody. It does not allege that this decision constituted gross negligence or wilful and wanton misconduct. In my opinion, the officers' decision to release Hoffman to the custody of his family was within the decision granted them under § 427 of the Mental Health Code and, thus, consistent with § 427b of the code, they are not civilly liable for that decision.

Accordingly, I would affirm the trial court's grant of summary judgment in favor of defendants Clolinger, Adams, Warden and Spaniola.