MASSEY v DEPARTMENT OF CORRECTIONS

Docket Nos. 102960, 104008. Submitted November 21, 1989, at Lansing. Decided February 5, 1990. Leave to appeal applied for.

David Leroy Andrews, a prisoner in the custody of the Michigan Department of Corrections, escaped and made his way to the State of Kansas. In Kansas, Andrews became acquainted with and married Jean Ann Young, who had two daughters and a son. Andrews subsequently was taken into custody by the local police, apparently because of a domestic dispute. Following a records check, the Kansas police discovered Andrews was wanted for prison escape in Michigan. When informed that Andrews was in custody in Kansas, the Michigan Department of Corrections began extradition proceedings to bring Andrews back to Michigan. Before the extradition papers were executed, however, a decision was made not to extradite Andrews. Accordingly, Andrews was released from custody in Kansas. Andrews subsequently got into an argument with his wife, which resulted in Andrews murdering his wife and her two daughters, kidnapping her son, and subjecting him to sexual abuse before Andrews' arrest in Michigan several days later. The son, Brian David Massey, through his guardian, Roy O. Yackle, Sr., and Roy O. Yackle, Sr., administrator of the estates of Jean Ann Young Andrews and Tamara J. and Tiffany D. Massey, filed suit against the Michigan Department of Corrections and others in the Court of Claims alleging that defendants were negligent in failing to warn the victims of Andrews' history of criminal sexual conduct when defendants became aware of his presence in Kansas and in failing to fulfill their duty to regain control of Andrews by extradition or to retain control of Andrews while he was in their custody. The court, Carolyn Stell, J., granted summary disposition in favor of defendants for failure to state a claim against them. Plaintiffs filed two appeals in this case, one from the entry of an order granting summary disposition in favor of the Deputy Director of Field

REFERENCES

Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 21, 24; Negligence §§ 102, 104, 107-109, 376-378.

Liability of public officer or body for harm done by prisoner permitted to escape. 44 ALR3d 899.

Services for the Department of Corrections and the Michigan Parole Board and the other from a separate order granting summary disposition in favor of the Department of Corrections and the Michigan Parole Board. The appeals have been consolidated.

The Court of Appeals *held:*

The law will hold a defendant liable for his negligent conduct only if, because of a special relationship between the defendant and the injured party, the defendant is deemed to owe the injured party a duty of due care. Where the duty of a public agency or official arises from his official authority, the duty is for the benefit of the public at large. Such a public duty is owed to a specific individual only when performance would affect the individual in a manner different in kind from the way performance would affect the public. Plaintiffs' complaint fails to allege any facts whatsoever from which a special relationship can be directly established or inferred which would impose a duty of due care on defendants. The nature of the duty in this case is not such that its performance would have affected the injured parties in a manner different in kind than the way it would have affected the general public. Summary disposition was properly granted in favor of defendants.

Affirmed.

1. NEGLIGENCE — DUTY.

The law will hold a defendant liable for his negligent conduct only if, because of a special relationship between the defendant and the injured party or the defendant and a third party, defendant is deemed to owe the injured party a duty of due care; duty is thus based on whether this special relationship gives rise to any legal obligation on the defendant's part for the benefit of another.

2. PUBLIC OFFICERS — PUBLIC AGENCIES — DUTY — NEGLIGENCE.

A public agency or official owes to the public at large a duty of due care in the performance of official duties; such a public duty is owed to a specific individual only when performance would affect the individual in a manner different in kind from the way performance would affect the public.

*Gruel, Mills, Nims & Pylman* (by *Norman H. Pylman* and *Brion J. Brooks*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *A. Michael Leffler*

and *Ronald W. Emery,* Assistant Attorneys General, for defendants.

Before: MURPHY, P.J., and MACKENZIE and CAVANAGH, JJ.

CAVANAGH, J. Plaintiffs, in this consolidated appeal, challenge the trial court's orders granting summary disposition of their negligence claims for failure to state a claim against the Department of Corrections, the Deputy Director of Field Services for the Department of Corrections, and the Michigan Parole Board. Plaintiffs contend that, by virtue of the special relationship between the injured parties and a third party, defendants were under an affirmative duty and that the breach of this affirmative duty caused them damage. We disagree and affirm.

These lawsuits were brought against the defendants for the injuries sustained by Brian Massey and for the murders of his mother and two sisters by David Leroy Andrews, an escaped prisoner from the Kinross Correctional Facility. Plaintiffs alleged that the defendants were negligent in failing to warn the victims of Andrews' history of criminal sexual conduct when defendants became aware of his presence in Kansas and in failing to fulfill their duty to regain control of Andrews by extradition or to retain control of Andrews while he was in their custody.

The law will hold a defendant liable for his negligent conduct only if, because of a special relationship between the defendant and the injured party or the defendant and a third party, defendant is deemed to owe the injured party a duty of due care. *Duvall v Goldin,* 139 Mich App 342, 347; 362 NW2d 275 (1984), lv den 422 Mich 976 (1985). Duty is thus based on whether this

special relationship gives rise to any legal obligation on the defendant's part for the benefit of another. *Moning v Alfono,* 400 Mich 425, 439; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977). Where the duty of a public agency or official arises from his official authority, the duty is for the benefit of the public at large. *Massey v Grant,* 679 F Supp 711, 713 (WD Mich, 1988), aff'd 875 F2d 865 (CA 6, 1989), citing *Gerneth v Detroit,* 465 F2d 784 (CA 6, 1972); also see *Hobrla v Glass,* 143 Mich App 616; 372 NW2d 630 (1985), and *Zavala v Zinser,* 123 Mich App 352; 333 NW2d 278 (1983), aff'd sub nom *Ross v Consumers Power Co,* 420 Mich 567; 363 NW2d 641 (1984). Such a public duty is owed to a specific individual only when performance would affect the individual in a manner different in kind from the way performance would affect the public. *Gerneth, supra* at 787.

Plaintiffs allege that the injured parties they represent were in a special relationship with Andrews and, from this relationship, a duty of due care could be imposed on the defendants. We do not agree. The requisite special relationship must exist between the defendants and the victims or the defendants and the third party. *Duvall, supra* at 351. Plaintiffs' complaint fails to allege any facts whatsoever from which the special relationship, required by *Duvall,* can be directly established or inferred.

In this case, the nature of the duty is not such that its performance would have affected the injured parties in a manner different in kind than the way it would have affected the general public. In this context, any duty imposed on the Department of Corrections and the department's deputy director would be owed to the public, and plaintiffs have not alleged facts from which it could be inferred that defendants owed the injured parties,

in particular, a duty of due care. The trial court properly granted summary disposition because plaintiffs' claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988).

Affirmed.

MURPHY, J., concurs in the result only.