Sue LUDWIG, as Personal Representative of the Estate of Harry Michael Ludwig, Deceased, Plaintiff,

v.

LEARJET, INC., Dr. Louis Fair, and City of Detroit, Defendants.

No. 93–70495.

United States District Court, E.D. Michigan, S.D.

Aug. 6, 1993.

Peter R. Tolley, James K. Schepers, Grand Rapids, MI, Gregory D. Bill, Thomas A. Ricca, Detroit, MI, for plaintiff.

John R. Secrest, Scott R. Torpey, Kohl Secrest, Farmington Hills, MI, for defendants.

## ORDER GRANTING DEFENDANT LEARJET'S PETITION FOR REMOVAL AND DISMISSING DEFENDANTS FAIR AND CITY OF DETROIT AS IMPROPERLY JOINED

GADOLA, District Judge.

Plaintiff filed her complaint on December 23, 1992 in Wayne County Circuit Court (case number: 92–226304–NP).[1] On February 1, 1993, defendant Learjet, a foreign corporation, filed a notice of removal alleging diversity jurisdiction. On February 10, 1993, defendant Fair, Detroit City Airport manager, and defendant City of Detroit filed jointly a concurrence in the notice of removal, and filed separately answers to plaintiff's complaint. Fair and City of Detroit allege the following in their concurrence: 1) plaintiff has failed to state a claim upon which relief can be granted as to defendants Fair and City of Detroit; and 2) defendants Fair and City of Detroit are named as parties to this action solely for the purpose of defeating diversity jurisdiction.[2]

On February 18, 1993, defendants Fair and City of Detroit filed a motion to dismiss

---

1. Two companion cases arising out of the same occurrence are pending. One of the suits, *Cooke v. Learjet* (case number 92–75995), was filed September 16, 1992 against Learjet only and is currently pending in the Eastern District of Michigan before the Honorable Gerald Rosen. The other case, *Newman v. Jetstream* (case number 93–305177–NP), was filed in the Wayne County Circuit Court. The latter case is not removable because it involves a Michigan defendant.

2. Plaintiff and defendant Learjet are citizens of diverse states and the amount in controversy exceeds $50,000.00. However, plaintiff and defendants Fair and City of Detroit are all Michigan citizens.

claiming the doctrine of governmental immunity and the public duty doctrine. Plaintiff answered defendants' motion to dismiss on February 25, 1993, arguing that defendants are not immune from plaintiff's claims and that therefore the court should remand the action for lack of diversity jurisdiction. Defendants filed a reply on March 22, 1993.

On February 18, 1993, the court ordered defendants to show cause in writing, within twenty days of the date of the order, as to why this case should not be remanded for lack of subject matter jurisdiction. Defendants responded to the show cause March 10, 1993. Plaintiff then filed a response March 15, 1993. Defendants subsequently filed a reply March 19, 1993.

### I. Facts

This case arises from a fatal airplane crash of a Learjet 23 aircraft on July 22, 1991. Plaintiff's decedent, Harry Ludwig, an airline pilot, was one of the members of the flight crew killed in the accident.

Plaintiff brought negligence and breach of warranty claims against Learjet, and negligence claims against both Fair and City of Detroit. With respect to Fair, plaintiff specifically alleges:

> [d]efendant Fair was grossly negligent in designing, establishing, maintaining or permitting a known dangerous and offensive condition to exist, to wit: an airport with aircraft runways and/or clear spaces adjacent to the runways which were inadequate and insufficiently long to allow safe operation of aircraft, in particular including but not limited to ... designing and maintaining of [sic] allowing obstacles to penetrate in to the 50:1 approach surface; [defendant Fair] ... allowed obstacles to penetrate in to the 7:1 transition area, which allowed obstacles to penetrate in to the primary

surface, which was inadequate and insufficient to allow safe operation of aircraft....
Defendant Fair owed a duty to [p]laintiff's decedent to eliminate all dangerous and offensive conditions that exist in the design and designation of runway 15-[3] [3].... Proximately from the foregoing, [p]laintiff's decedent was killed in the crash on July 22, 1992....

Plaintiff's Complaint at 4. With respect to defendant City of Detroit, plaintiff specifically alleges that "City of Detroit was negligent and proximately contributed to [p]laintiff's decedent's injuries and death" based on the same allegations asserted against defendant Fair. Plaintiff's Complaint at 5; Plaintiff's Brief in Response to Order To Show Cause at 6–7.[4]

Defendants Fair and City of Detroit argue that the instant case should not be remanded for a lack of complete diversity because these defendants were fraudulently joined for the purpose of defeating diversity jurisdiction. Defendants Fair and City of Detroit claim that the doctrine of governmental immunity and the public duty doctrine protect them from plaintiff's tort claims.

### II. Standard of Review

■ A defendant may remove a case to federal court based on diversity of citizenship jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. 1441(b). However, a non-diverse defendant who has been fraudulently joined in order to defeat diversity jurisdiction is completely disregarded for purposes of establishing federal jurisdiction. *Wiacek v. Equitable Life Assur. Soc. of the U.S.*, 795 F.Supp. 223, 226 (E.D.Mich.1992).

---

**3.** Plaintiff stated in her complaint that the accident occurred on runway 15–23. No runway 15–23 exists at Detroit City Airport. However, a runway 15–33 does exist and apparently is that which plaintiff intended to identify. Answer in Behalf of Defendant City of Detroit at 2–3.

**4.** Plaintiff's complaint states: "[d]efendant City of Detroit was negligent and proximately contrib-

uted to [p]laintiff's decedent's injuries and death for the reasons ... set forth in count II." Plaintiff's Complaint at 5. However, Count II states breach of warranty claims against defendant Learjet. It is apparent, after review of Plaintiff's Brief in Response to Order to Show Cause, that plaintiff's complaint contains a typographical error and that plaintiff intends to assert the same claims against City of Detroit as it asserts against Fair. Plaintiff's Brief at 6–7.

■ The existence of fraudulent joinder is determined under a reasonableness standard. *Id.*[5] Under this standard, defendant has the burden of demonstrating that the non-diverse defendant was fraudulently joined. *Id.* In order to meet this burden, a defendant must show that the plaintiff has *no reasonable basis* for a claim against the non-diverse defendant in state court based on the alleged facts. *Id.* (emphasis added); *see also Kelly v. Drake Beam Morin, Inc.,* 695 F.Supp. 354, 355 (E.D.Mich.1988).

### III. Analysis

In order to establish fraudulent joinder, the non-diverse defendants, Fair and City of Detroit, have the burden of showing "that there is *no reasonable basis* for a claim against ... [them] in state court under the facts alleged...." *Wiacek,* 795 F.Supp. at 226 (emphasis added); *see also Kelly,* 695 F.Supp. at 355. The court finds that the defendants have met this burden by establishing that the doctrine of governmental immunity protects defendant City of Detroit from plaintiff's tort claims and by demonstrating that the public duty doctrine bars plaintiff's tort claims against defendant Fair. Therefore, the non-diverse defendants, Fair and City of Detroit, will be completely disregarded for purposes of establishing federal jurisdiction because they have been improperly joined. *Wiacek,* 795 F.Supp. at 224.

### A. Governmental Immunity

■ "[T]orts committed by a governmental agency[6] give rise to absolute immunity if they occur while the agency is engaged in a governmental function." *Bank One Trust Co. v. County of Iosco,* 597 F.Supp. 586, 588 (1984) (quoting Mich.Comp.Laws Ann. 691.-1407). "Governmental function" is a term of art used to describe activities "expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." Mich.Comp.Laws Ann. § 691.-1401(f) (West 1987). Such activities should not give rise to liability due to their public nature. *Ross v. Consumers Power Co.,* 420 Mich. 567, 608, 620, 363 N.W.2d 641 (1984) (on reh'g).

Section 259.132 of the Michigan Compiled Laws Annotated has been regarded as the definition of governmental function with respect to airports. *Bank One Trust Co.,* 597 F.Supp. at 589. This statute deems the "maintenance ... and operation of airports, landing fields and other aeronautical facilities" to be governmental functions. Mich. Comp.Laws Ann. § 259.132 (West 1990).

In *Bank One,* a case analogous to the case at bar, the court held that tort claims brought against an airport as the result of a fatal crash of an aircraft are barred by governmental immunity. The *Bank One* court's ruling was based on its finding that the operation of an airport is recognized as a governmental function under section 259.132.[7]

---

5. Some courts have held that an "absolute standard" should be applied in order to determine the existence of fraudulent joinder. *Brusseau v. Electronic Data Systems,* 694 F.Supp. 331 (E.D.Mich.1988). Pursuant to this standard, a defendant must disprove any possibility of liability. *Wiacek,* 795 F.Supp. at 226. The defendant meets this burden only after proving that there is absolutely no possibility that the plaintiff could state a cause of action against the non-diverse defendant in state court. *Id.; see also Brusseau,* 694 F.Supp. at 333. This court finds that the burden of the absolute standard is too onerous, particularly in light of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) states in part: "A pleading which sets forth a claim for relief ... shall contain ... (2) a *short and plain statement of the claim* showing that the pleader is entitled to relief...." Fed.R.Civ.P. 8(a) (emphasis added). Given that a plaintiff is only required to submit a short and plain statement of her claim, this court finds it excessively burdensome for a defendant to have to disprove *any* possibility of liability.

6. Governmental agency is defined as "the state, political subdivisions, and municipal corporations." Mich.Comp.Laws Ann. 691.1401(d) (West 1987); see 691.1401(a), (b), and (c) for the statutory definitions of municipal corporation, political subdivision, and state, respectively, for the purposes of chapter 691, "Governmental Liability For Negligence," of the Michigan Compiled Laws Annotated. The court finds that the City of Detroit is a governmental agency pursuant to section 691.1401.

7. The plaintiff relies on *Johnson v. Detroit Metropolitan Airport,* 133 Mich.App. 603, 350 N.W.2d 295 (1985). This case is distinguishable in that it involved tort claims arising from a slip and fall due to the presence of ice cream on the floor of the terminal building at Detroit Metropolitan Airport. *Johnson,* 133 Mich.App. at 604, 350 N.W.2d 295. The court held, under these facts, that the operation of an airport was a proprietary function pursuant to section 691.1413. The *Johnson* court explicitly stated that its holding

The court finds that defendant City of Detroit is a government agency that was involved in the performance of a governmental function at the time of the fatal plane crash. Therefore, City of Detroit is absolutely immune from plaintiff's tort claims under the doctrine of governmental immunity.

However, the court finds that the doctrine of governmental immunity does not shield defendant Fair from plaintiff's tort claims. The immunity given an employee of a governmental agency is a qualified grant of immunity which is an affirmative defense.[8] *Hoffman v. Genesee County*, 157 Mich.App. 1, 7, 403 N.W.2d 485 (1987), *lv. app. den.*, 428 Mich. 902 (1987). Qualified immunity is granted to an employee of a governmental agency when the following statutory criteria have been met: 1) the employee was acting or reasonably believed that he was acting within the scope of his authority, 2) the governmental agency was engaged in the exercise or discharge of a governmental function, and 3) the employee's conduct does not amount to gross negligence that proximately caused the injury or damage. Mich.Comp. Laws Ann. § 691.1407 (West 1987).

Both parties have stipulated that defendant Fair was acting within the scope of his authority as manager of the Detroit City Airport. Plaintiff's Complaint at 4; Answer in Behalf of Defendant City of Detroit at 3. Additionally, the court finds, *supra*, that City of Detroit was engaged in a governmental function.

For the purposes of section 691.1407 of the Michigan Compiled Laws Annotated, "gross negligence" has a statutory definition, as opposed to a common law one, meaning "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." 691.1407(c). The determination of

whether defendant Fair was grossly negligent, as alleged by plaintiff in her complaint, is a question of fact. Thus, the criteria for granting qualified governmental immunity has not been met. Therefore, defendant Fair is not shielded from plaintiff's tort claims based on the doctrine of qualified governmental immunity.

### B. Public Duty Doctrine

Nevertheless, defendant Fair contends that the public duty doctrine bars plaintiff's tort claims. The court agrees.

The public duty doctrine provides protection from tort liability, distinct from that provided by governmental immunity, in cases in which a duty is owed to the general public and not to particular individuals. *Markis v. Grosse Pointe Park*, 180 Mich. App. 545, 558–59, 448 N.W.2d 352 (1989); *Simonds v. Tibbitts*, 165 Mich.App. 480, 483, 419 N.W.2d 5 (1987). The public duty doctrine, unlike governmental immunity, provides protection against gross negligence claims. *See e.g. Rose v. Mackie*, 22 Mich. App. 463, 177 N.W.2d 633 (1970), *lv. app. den.*, 383 Mich. 787 (1970) (court held public duty doctrine protected state highway commissioner from gross negligence claims); *Markis, supra* (court held public duty doctrine protected police officer from gross negligence claims).

The City of Detroit has given defendant Fair, as manager of the Detroit City Airport, the duty of supervising the maintenance and operation of the airport and its landing fields. *See* Mich.Comp.Laws Ann. § 259.10 (West 1990). Section 259.132 of the Michigan Compiled Laws Annotated holds that: "The *maintenance* ... and *operation* of airports, landing fields and other aeronautical facilities, and the exercise of any other powers

was fact specific and that "[o]ther functions of a municipal airport may be governmental or proprietary in nature depending on the facts of" the specific case at bar. *Id.* at 608 and n. 1, 350 N.W.2d 295.

**8.** It should be noted that a plaintiff is not required to plead in her complaint facts in avoidance of qualified governmental immunity. *Hoffman v. Genesee County*, 157 Mich.App. 1, 8, 403 N.W.2d 485 (1987). However, the immunity granted a governmental agency is distinguishable

from that granted an employee of a governmental agency in that it is an inherent characteristic of government, is an absolute immunity, and in not an affirmative defense. *Hoffman*, 157 Mich. App. at 7, 403 N.W.2d 485 (quoting *Ross*, 420 Mich. 567, 596–608, 621, n. 34, 363 N.W.2d 641). A plaintiff must plead in her complaint facts in avoidance of absolute governmental immunity. *Hoffman*, 157 Mich.App. at 6, 403 N.W.2d 485.

herein granted to political subdivision of this state, are hereby declared to be public, governmental ... functions, *exercised for a public purpose, and matters of public necessity.*" § 259.132 (emphasis added). The court finds that this statute defines the state's assumed public duty as opposed to duties owed to the individuals who may constitute the general public. *See Rose,* 22 Mich.App. at 468, 177 N.W.2d 633 (quoting *People of State of Illinois, for Use of Trust Co. of Chicago v. Maryland Casualty Co.,* 132 F.2d 850, 852 (7th Cir.1942)). Thus, defendant Fair's duty to supervise the maintenance and operation of the airport is a public duty and he therefore is protected from all of plaintiff's tort claims, including her assertion of gross negligence.

 As plaintiff correctly points out there is, however, a narrow exception to the public duty doctrine. The exception holds that a public duty may be owed to a specific individual when performance of such duty would affect the individual in a manner *different in kind* from the way performance would affect the public. *Massey v. Dept. of Corrections,* 182 Mich.App. 238, 241, 451 N.W.2d 869 (1990) (citing *Gerneth v. Detroit,* 465 F.2d 784, 787 (6th Cir.1972), *cert. den.,* 409 U.S. 1109, 93 S.Ct. 913, 34 L.Ed.2d 690 (1972)) (emphasis added), *lv. app. den.,* 436 Mich. 866 (1990).

Plaintiff argues that the effect of Fair's breach of duty on plaintiff's decedent was "different in kind" than the effect on the general public in that the general public suffered economic injury as opposed to personal injury. Plaintiff's Brief in Response to Order to Show Cause at 8–9.

The Michigan Court of Appeals' holding in *Rose v. Mackie* is instructive on this point. In *Rose,* the court held that a state highway commissioner's duty to construct and maintain highways is a broad, public duty. 22 Mich.App. 463, 466–7, 177 N.W.2d 633 (1970). A "state highway commissioner does not act personally against any single individual in the construction and maintenance of highways"; therefore an injured plaintiff has no

redress against a state highway commissioner, personally. *Id.* at 467–8, 177 N.W.2d 633.

The court finds that the facts of *Rose* are analogous to the facts in the case at hand. Defendant Fair's duty to supervise the maintenance and operation of the Detroit City Airport, like the state highway commissioner's duty in *Rose,* is a broad, public duty. This broad, public duty does not impose upon defendant Fair a specific duty to any particular individual, as defendant Fair does not act personally in the interest of any particular individual when he performs his duty to supervise the maintenance and operation of the airport and its landing fields. *See Rose,* 22 Mich.App. at 467–8, 177 N.W.2d 633; *People of State of Illinois, for Use of Trust Co. of Chicago,* 132 F.2d at 853.

As defendant Fair owed no private duty to plaintiff's decedent, individually, the narrow exception to the public duty doctrine does not apply to the case at hand. Thus, the public duty doctrine bars plaintiff's tort claims against defendant Fair.

For the foregoing reasons, the court will dismiss defendants Fair and City of Detroit as improperly joined and will allow defendant Learjet's petition for removal.[9]

### ORDER

Therefore, it is hereby **ORDERED** that City of Detroit is **DISMISSED** as improperly joined.

It is further **ORDERED** that defendant Dr. Louis Fair is hereby **DISMISSED** as improperly joined.

It is further **ORDERED** that defendant Learjet's petition for removal is hereby **GRANTED.**

**SO ORDERED.**

---

9. As plaintiff's claims are barred by governmental immunity and the public duty doctrine, the court will not address defendants' affirmative pre-emption defense.