Terry TAYLOR, David Rousselo, Patricia Rousselo, Bonnie Morningstar, Donald Surber and Elizabeth Surber, on their own behalf and on behalf of all others similarly situated, Plaintiffs,

v.

The AMERICAN TOBACCO COMPANY, INC., R.J. Reynolds Tobacco Company, Liggett & Myers, Inc., Liggett Group, Inc., Lorillard Tobacco Company, Lorillard Corporation, Philip Morris Incorporated, Philip Morris Companies, Inc., Philip Morris Incorporated (Philip Morris U.S.A.), Brown & Williamson Tobacco Corporation, Batus Holdings, Inc., and Allen Pharmacy, Inc., Defendants.

No. CIV.A. 97–40224.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 3, 1997.

Thomas H. Bleakley, Bleakley & McKeen, Detroit, MI, for Plaintiffs.

## *MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' JULY 17, 1997 MOTION FOR REMAND*

GADOLA, District Judge.

Before the court is plaintiffs' motion to remand. Plaintiffs, Terry Taylor, David and Patricia Rousselo, Bonnie Morningstar, and Donald and Elizabeth Surber, represent a proposed class of individuals seeking damages under various state law causes of action from certain large tobacco companies [1] ("tobacco defendants"), for injuries they allege resulted from years of using cigarettes and other tobacco products. In addition to the claims against the tobacco defendants which make up a large majority of the claims asserted, plaintiffs joined Allen Pharmacy, Inc. ("Allen Pharmacy"), a retailer engaged in the sale of tobacco products in Southgate, Michigan. For the reasons discussed below, this court will grant plaintiffs' motion for remand.

### Factual Background

On May 23, 1997, plaintiffs filed a complaint in Wayne County Circuit Court on behalf of themselves and a proposed class of "all smokers who have developed lung cancer as a direct and proximate result of using one or more of the Tobacco Defendants' products in the State of Michigan" and "all teenage smokers in the State of Michigan who have been harmed by one or more of the Tobacco

Defendants' products." [2] Named plaintiff Terry Taylor ("Taylor") also included negligence claims against "Alan Drugs," which Taylor claimed was a "wholesaler/distributor of cigarettes in Wayne County, Michigan," and a "Michigan Corporation" with a "principal place of business in Southgate, Wayne County, Michigan." However, "Alan Drugs" does not exist, and it was apparently included in the complaint because plaintiffs misnamed defendant Allen Pharmacy. On June 20, 1997, the tobacco defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), on the basis of this court's diversity jurisdiction under 28 U.S.C. § 1332. On July 17, 1997, plaintiffs filed the instant motion to remand, as well as an amended complaint changing the name of "Alan Drugs" to Allen Pharmacy.

### Discussion

Defendants make essentially three arguments asserting that removal was proper. First, they argue that complete diversity existed at the time the notice of removal was filed because there is no such business as "Alan Drugs" in Southgate, Michigan, and Allen Pharmacy was not added until after the notice of removal was filed. Second, defendants argue that, even if this court were to accept the amended complaint naming Allen Pharmacy, this court would still have diversity jurisdiction because Allen Pharmacy was fraudulently joined in an attempt merely to defeat this court's jurisdiction. Third, defendants argue that even if this court is willing to accept the joinder of Allen Pharmacy, this court has original jurisdiction over the claims of all other plaintiffs who never bought cigarettes from Allen Pharmacy, and this court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(b) over plaintiffs' claims against Allen Pharmacy. These arguments will be discussed in turn.[3]

---

1. The list of tobacco companies includes The American Tobacco Company, Inc.; R.J. Reynolds Tobacco Company; Liggett & Myers, Inc.; Liggett Group, Inc.; Lorillard Tobacco Co.; Lorillard Corp.; Philip Morris Companies, Inc.; Philip Morris Inc. (Philip Morris U.S.A.); Brown & Williamson Tobacco Corp.; and Batus Holdings, Incorporated.

2. The complaint also includes claims made by the spouses of two named plaintiffs for "loss of

consortium and services of their respective spouses."

3. In addition to these three arguments, defendants also assert in their response to plaintiffs' motion to remand that Taylor's claims against Allen Pharmacy should be thrown out because, as a minor, she lacks capacity to sue in a Michigan state court. They point to M.C.R. 2.201(E)(1)(b) which provides that minors are required to have a "next friend" appear on their

### 1. Propriety of the July 17, 1997 Amendment to the Complaint

 Defendants correctly assert that whether a case is removable is determined based on the complaint at the time the notice of removal is filed. *See Pullman v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334 (1939). Defendants argue that at the time the notice of removal was filed, the only allegedly non-diverse defendant was "Alan Drugs," a company that does not exist. It was only after defendants filed their notice of removal that plaintiffs amended the complaint to reflect the presence of Allen Pharmacy. Defendants cite *Keller v. Honeywell Protective Servs.,* 742 F.Supp. 425, 427 (N.D.Ohio 1990), for the proposition that "[r]emovability is determined by the complaint and the notice of removal at the time such notice is filed, not by subsequent events."

However, the principles of relation back of amendments under Fed.R.Civ.P. 15 dictate that this argument must fail.[4] Relation back of amendments of pleadings is governed by Fed.R.Civ.P. 15(c). Rule 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a

claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). Here, all the requirements of Rule 15(c)(3) have been met. The actual allegations contained in the amended complaint against Allen Pharmacy are identical to the allegations against "Alan Drugs" contained in the original complaint. Further, the amended complaint was filed on July 17, 1997, which is less than sixty (60) days after the filing of the original complaint. The amended complaint gives Allen Pharmacy direct notice of the claims made against it in this action. Given that Rule 4(m) imposes a 120 day period for delivery of the summons and complaint, plaintiffs appear to be well inside the window contemplated by Rule 15(c)(3).

Rule 15(c)(3) was designed for occasions like this one, where a plaintiff misnames a defendant. Because the facts of this case satisfy the requirements set forth under Rule 15(c)(3), the amended complaint relates back to the date of filing of the original complaint. As a result, at the time the notice of removal was filed, Allen Pharmacy was a proper party to the suit, making defendants' removal of this case, on its face, improper.[5]

---

behalf. The rule, however, only asserts that the court must appoint a "next friend" if the minor does not do so. As a result, this is not a justifiable basis for a claim that Taylor would be unable to pursue her claims at all in state court.

**4.** As an initial matter, it should be noted that it is the Federal Rules of civil Procedure that govern relation back of amendments, and not the Michigan Court Rules. Federal Rule 81(c) specifically provides, "These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal." There is also ample authority for the proposition that removed actions proceed as if they had been originally filed in federal court.

*See, e.g., Freeman v. Bee Machine Co.,* 319 U.S. 448, 452, 63 S.Ct. 1146, 1148, 87 L.Ed. 1509 (1943). As such, the amendment of the complaint made after the filing of the notice of removal is governed by the federal rules.

**5.** Defendants also argue that this court should not accept the amended complaint because plaintiffs did not file a motion seeking leave to file an amended complaint. Plaintiffs merely appended the amended complaint to their motion to remand. Defendants point out that plaintiffs may amend a pleading only once as a matter of course pursuant to Rule 15, and plaintiffs had already done so. In this case, this court finds that the interests of justice are best served by

### 2. Whether Allen Pharmacy is Fraudulently Joined

Defendants next attempt to argue that Allen Pharmacy has been fraudulently joined.

■ The burden is on the removing party to show fraudulent joinder of a non-diverse defendant. *Freeman v. Unisys. Corp.*, 870 F.Supp. 169, 173 (E.D.Mich.1994). The Sixth Circuit has held that " '[t]here can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.' " *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994) (quoting *Bobby Jones Garden Apts., Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir.1968)). The Sixth Circuit also provided that any disputed questions of fact and ambiguities in controlling state law should be resolved in favor of the non-removing party. *Id.* This court has stated the burden as follows: "A defendant must show that the plaintiff has no reasonable basis for a claim against the non-diverse defendant in state court based on the alleged facts." *Ludwig v. Learjet Inc.*, 830 F.Supp. 995, 998 (E.D.Mich. 1993). *See also Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 355 (E.D.Mich.1988). This is a heavy burden, but it is not an "absolute standard." That is to say, the defendant does not have to show that there is absolutely no basis for recovery. Rather, the inquiry is based on a reasonableness standard. *See Ludwig*, 830 F.Supp. at 998, n. 5.

Plaintiffs (primarily Taylor) allege negligence against Allen Pharmacy in three specific claims. As to at least one of these claims, defendants fail to meet their burden of showing that there is no reasonable basis for a claim in state court.

### a. Plaintiffs' first claim against Allen Pharmacy

■ Plaintiffs' first claim is that Allen Pharmacy was negligent in selling cigarettes to a minor in violation of state law. Plaintiffs contend that in certain cases under Michigan law, violation of a penal statute creates a rebuttable presumption of negligence. *See Zeni v. Anderson*, 397 Mich. 117, 243 N.W.2d 270 (1976). The Michigan Supreme Court set out the conditions necessary to raise the presumption in the case of *Longstreth v. Gensel*, 423 Mich. 675, 692–93, 377 N.W.2d 804 (1985):

'The court may adopt as the standard conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part

(a) to protect a class of persons which includes the one whose interest is invaded, and

(b) to protect the particular interest which is invaded, and

(c) to protect that interest against the kind of harm which has resulted, and

(d) to protect that interest against the particular hazard from which the harm results.'

*Id.* (quoting 2 Restatement of Torts, 2d, § 286). In *Longstreth*, the court found these conditions met with respect to the violation of a Michigan statute prohibiting the furnishing of alcoholic beverages to persons under 21 years of age. In that case, a minor had obtained alcohol from a defendant, and was subsequently involved in an automobile accident and killed. The court found that the minor was clearly within the class of people sought to be protected by the statute, and that the statute sought to protect his life. Further, the court held that an accident involving drunk driving was among the kind of harms sought to be protected against, and his impaired judgment causing him to get into a car with a drunk driver satisfied the particular hazard requirement.

Plaintiffs argue the case of Terry Taylor is analogous to *Longstreth*. Michigan Comp. Laws Ann. § 722.641 prohibits furnishing tobacco to minors. Taylor is clearly among the class to be protected. Also, freedom from disease is an interest which the statute seeks to protect. Her injuries, including pulmonary disease and a collapsed lung, comprise

---

accepting plaintiffs' amended complaint. The amended complaint does not add any additional substantive claims, it only seeks to correct an error in the naming of a party. Moreover, defendants have not shown any unfair prejudice will result from the formal addition of Allen Pharmacy.

the kind of harm sought to be avoided, and smoking cigarettes is the particular hazard contemplated by the legislature. At least arguably, then, these requirements are satisfied, and create the rebuttable presumption that Allen Pharmacy was negligent in selling Taylor cigarettes. There are no Michigan cases that directly hold cigarette retailers liable under this theory, but defendants offer no reason why a court would not extend *Longstreth* to cover this situation if Allen Pharmacy could not come up with an appropriate defense. As a result, this court should find that, as to the first claim, defendants have failed to meet their burden of showing that plaintiffs have no reasonable claim under state law against Allen Pharmacy.

### b. Plaintiffs' second claim against Allen Pharmacy

■ The second claim alleges that Allen Pharmacy was negligent in distributing cigarettes which it knew or should have known were dangerous and could cause harm. Defendants construe this claim as a claim for breach of implied warranty, which it argues is preempted by the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331, *et seq.* ("Labeling Act"). However, Michigan law recognizes two distinct kinds of products liability actions, namely breach of implied warranty and negligence. *Prentis v. Yale Mfg. Co.*, 421 Mich. 670, 365 N.W.2d 176 (1984). This claim seems to sound more in negligence, containing an allegation that Allen Pharmacy owed its customers a duty, it knew that cigarettes were harmful and it nonetheless distributed the cigarettes in violation of its duty to its customers. The Supreme Court in *Cipollone v. Liggett Group Inc.*, 505 U.S. 504, 523–25, 112 S.Ct. 2608, 2621–22, 120 L.Ed.2d 407 (1992), specifically limited the preemptive scope of the Labeling Act to situations where state claims could result in differing obligations related to *advertising* and *promotion*. It is not so clear that a negligent *distribution* claim is preempted under the Labeling Act. Again, it

would seem to this court that plaintiffs have, at least arguably, stated a valid state law claim as to this second claim.[6]

### c. Plaintiffs' third claim against Allen Pharmacy

■ The third and final claim against Allen Pharmacy alleges that it failed to adequately warn its customers of the danger cigarettes pose. This claim is almost certainly preempted by the Labeling Act. Because the Labeling Act essentially regulates the warnings that must appear on cigarette packages, the United States Supreme Court found specifically that claims based on failure to warn are preempted, as they would potentially impose conflicting requirements in terms of warning labels. *Cipollone, 505 U.S. at 523–26, 112 S.Ct. at 2621–22,* 120 L.Ed 2d at 427–28. *See also Perez v. Brown & Williamson Tobacco Corp.,* 967 F.Supp. 920 (S.D.Tex.1997). Given that the Labeling Act preempts state law claims in this area, defendants have met their burden with respect to the third claim, showing that plaintiffs are unable to reasonably establish a claim under Michigan state law on a failure to warn theory. However, defendants are unable to show that plaintiffs have no claim under state law with respect to at least one other claim, and so they are unable to prove fraudulent joinder.

Because defendants are unable to prove fraudulent joinder, remand of this case is appropriate.

### 3. Propriety of Exercising Supplemental Jurisdiction

■ Defendants' final argument urges this court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims between non-diverse defendants in this case.[7]

First, defendants assert that, as to all other plaintiffs but Taylor, joinder of Allen Pharmacy is fraudulent. That is, there are

6. Ultimately, the resolution of this issue is not vital to the disposition of the instant motion. Once this court finds a viable claim against Allen Pharmacy, such as the first claim discussed *supra,* defendants have failed in showing that Allen Pharmacy was fraudulently joined.

7. Defendants raised this argument in their brief, but did not pursue it at oral argument.

no allegations that any other of the named plaintiffs purchased their cigarettes at Allen Pharmacy, so for those plaintiffs, there is absolutely no way they can state a claim against Allen Pharmacy under Michigan Law. Defendants go on to argue that the fraudulent joinder and to those plaintiffs gives this court original jurisdiction over the claims of the other plaintiffs against the tobacco defendants. Defendants argue that once this court has jurisdiction over those claims, which make up a predominate portion of the claims before the court, it should exercise its supplemental jurisdiction over the claims against Allen Pharmacy.

Defendants rely on the unreported decisions of *Arnold v. Ford Motor Co.*, Civ. Action No. CV 95–PT–0073–M (N.D.Ala.1995), and *Seale v. Nissan Motor Acceptance Corp.*, Civ. Action No. 95–1008–BH–M (S.D.Ala. 1995). In *Arnold*, the court was faced with a class action against Ford where plaintiffs alleged that paint was misapplied to automobiles that they purchased. Included in the action was a claim against a non-diverse dealership. In denying plaintiffs' motion to remand after defendants removed the suit, the court noted that only 14 of the 120,000 cars at issue in the suit were purchased at the non-diverse dealership. That led the court to conclude that the joinder of the dealership was fraudulent as to the other plaintiffs. Citing the minuscule number of non-diverse claims, the court then went on to provide that it would exercise its supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the claims against the non-diverse dealership. Section 1367(b) provides that, in a diversity action, district courts will not have supplemental jurisdiction over any non-diverse persons made parties under Rules 14, 19, 20 or 24 of the federal rules. The court reasoned that the absence from § 1367(b) of rule 23, which governs class actions, signified Congressional intent to overrule the Supreme Court's holding in *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), which provides that all plaintiffs in a federal class action must meet the jurisdictional requirements imposed by federal courts. As a result, the court found that it could properly exercise supple-mental jurisdiction over the claims of the non-diverse defendant dealership.

Here, defendants argue that the proportion of diverse claims to non-diverse claims is essentially equivalent to that present in *Arnold*. As a result, defendants urge this court to find that it has original jurisdiction over the diverse claims, and to exercise its supplemental jurisdiction over the non-diverse claims.

This court is unwilling to accept defendants' argument in this case. Two other district courts that have been faced with a similar issue subsequent to the *Arnold* decision have declined to adopt that court's view. *See Scott v. American Tobacco Co.*, 959 F.Supp. 340 (E.D.La.1996); *Ren–Dan Farms Inc. v. Monsanto Co.*, 952 F.Supp. 370 (W.D.La.1997). The court in *Ren–Dan* went so far as to note:

> We find that the rule proposed by defendants, and adopted by the *Arnold* court, is an unauthorized and improvident expansion of federal jurisdiction. The rule would eviscerate the fundamental rules of subject matter jurisdiction and could lead to absurd results.

*Ren–Dan*, 952 F.Supp. at 376. This court likewise finds it unwise to bend over backwards to find subject matter jurisdiction in this way. As a result, this court will remand this case, in its entirety, to Wayne County Circuit Court.

Accordingly, this court having reviewed the submissions of the parties, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the motion to remand filed on July 17, 1997 by plaintiffs, Terry Taylor, David Rousselo, Patricia Rousselo, Bonnie Morningstar, Donald Surber and Elizabeth Surber, is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned action is **REMANDED**, in its entirety, to the Wayne County Circuit Court.

**SO ORDERED.**